No. 4485.

CITY OF NEW ORLEANS *v.* CRESCENT MUTUAL INSURANCE COMPANY.

There is no law which requires that the tax bills or receipts shall be signed by the Administrator of Finance of the city of New Orleans, or that stamps should be affixed to them.

It is not necessary that, in the judgment enforcing the payment of the tax bills, there should be specifications separating the amount assessed on real estate from the assessment on merchandise, capital and money at interest. It is sufficient that this should be done in the tax bills on which the judgment is predicated.

It was a sufficient publication, and such as was required by the law, where it was proved that the notices to taxpayers were published at least four times in the New Orleans Republican, to wit: on the twenty-second, twenty-seventh and thirtieth of August, and on the nineteenth of September, 1872. It was not necessary that there should have been further evidence of the ordinances, Nos. 1497 and 1498, than there is in the record.

The offering in evidence of the several papers in which the notice of publication was made, and the subsequent filing of them, was sufficient to establish what the law required.

The default taken on the fifth of November, 1872, and confirmed on the twentieth of same month, was in conformity with law.

The law relating to city taxes does not require the notices to be published for thirty days, It only declares that no judgment shall be rendered until after thirty days' notice, the notice to be thrice published.

The return of the service of judgment by the sheriff was not vitiated by his calling it in said return a *writ* of judgment, nor was it indispensably necessary that the copy of the judgment should have contained the signature of the judge; nor was it sacramental that the clerk should have mentioned that the judge had signed the judgment. All that was required was notice of the judgment, and the certificate of the clerk that the judgment was rendered was sufficient.

The city ordinances Nos. 1261, 1262, 1272 of December, 1871, do not make the aggregate taxation exceed two per cent., and this objection, so far as these ordinances are concerned, can not be maintained.

An ordinance of the City Council of New Orleans can not be questioned with regard to its being in contravention of an article of the constitution. The question with reference to the validity of its ordinances is to be tested by the sanction which it has from the Legislature to perform such acts, and in such cases the point to be determined is not whether any particular ordinance is contrary to the constitution, but whether it is permitted by an act of the Legislature. The question would then arise whether the law of the Legislature under which the Council acted was constitutional or not.

The city ordinance of the nineteenth December, 1871, and the ordinance of the 30th December of the same year, are not in violation of the act of the sixteenth of March, 1870, section 13, which provides that the Common Council of New Orleans shall, once at a regular meeting in the month of December, and not oftener, in each and every year, lay an equal and uniform tax, etc., etc.

The ordinance of the City Council, seventh May, 1872, levying a third tax in addition to those levied by the ordinances of the nineteenth and thirtieth December, 1871, is not contrary to the statute which provides that taxes shall only be levied once a year in the month of December, because said ordinance rests on the act of the twenty-fourth April, 1872, which authorizes the levying of said tax on an estimate to be made from the tax rolls of 1871. The objection that this act is unconstitutional because retrospective in its effect can not be maintained.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *George S. Lacey,* city attorney, for plaintiff and appellee. *M. M. Cohen,* for defendant and appellant.

MORGAN, J. Defendants appeal from a judgment by default, rendered against them, assign several errors in the proceedings and judgment, apparent on the face of the record, and founded on law.

*First*—His first assignment of error is, that the Administrator of Finance has not signed the tax bills.

We do not find any law which requires that these bills shall be signed by the Administrator of Finance.

*Second*—There is no stamp on either bill or receipt.

We do not think that this was necessary.

*Third*—The judgment lacks specification. By this he means that the amount assessed on real estate is not separated from the assessment on merchandise, capital, and money at interest.

We do not find that the law requires that the judgment should be made up of different parcels. It is sufficient that the property be separated on the tax bill. This was done.

*Fourth*—There was no sufficient proof of publication.

Section nine of the amended city charter provides, that all taxes imposed by the city of New Orleans, or due to the same, and not paid on the thirty-first July, of each year, shall be exigible, with interest at the rate of ten per cent. per annum from that date, upon thirty days' notice, by the Administrator of Finance, during which delay there shall be three publications in the official journal.

It was established by the testimony of Chadwick, that the notices were published at least four times, in the New Orleans Republican, to wit: on the twenty-second, twenty-seventh and thirtieth August, and on the nineteenth September, 1872; and the several papers in which the notice of publication was made were offered in evidence, and were subsequently filed. This we think a sufficient compliance with the law.

*Fifth*—The publications were insufficient. The first publication was on the twenty-second August, and the last on the nineteenth September following.

Default was taken on the fifth November, 1872, and confirmed on the twentieth of the same month.

We do not understand that the law requires the notices referred to shall be published for thirty days. It says that they shall be published and judgment shall not be pronounced until thirty days after notice. We consider the provision of the law similar to the rules governing citations. Judgment by default can not be rendered until ten days after citation, but the citations are not to be made daily; one is sufficient. So in the case of city taxes. The law' declares that no judgment shall be rendered until after thirty days notice, the notice to be thrice published. Here the notices were published four times, and the judgment by default was not rendered until some fifty days after the first notice was published. This we consider sufficient.

*Sixth*—The notice of judgment is defective. The allegation in the brief being that sheriff's return is "served, a true copy of the within writ of judgment," etc., and that the copy of the judgment does not contain the signature of the judge.

. We do not see how the sheriff by his return can vitiate a judgment simply because he calls it a writ of judgment, nor do we see that it was indispensably necessary that the copy of the judgment should contain the signature of the judge. The judge, we believe, never does sign the copy of the judgment which he renders against a party. If the argument means that the clerk should have mentioned that the judgment was signed by the judge, we answer that this is not sacramental. What is necessary to the defendant is notice of the judgment, and the certificate of the clerk that the judgment was rendered is sufficient. If the position assumed be correct, no judgment has been rendered against him, and if no judgment was rendered against him there is nothing against which he can complain, and therefore he has appealed from nothing, and his appeal would be dismissed.

*Seventh*—The ordinances are void because the aggregate rate of taxation exceeds two per cent.

The ordinances No. 1261, 1262, 1272, passed in the month of December, 1871, do not make the aggregate taxation exceed two per cent., and this objection, so far as these ordinances are concerned, can not be maintained.

*Eighth*—Ordinances No. 1497 and 1498 are illegal.

Ordinance No. 1497 was adopted seventh May, 1872.

Ordinance No. 1498 was adopted twenty-sixth April, 1872.

These ordinances are, it is urged, illegal, because they were adopted (if they ever were adopted) long after the date fixed by law for the assessing and levying of taxes in the city of New Orleans.

No estimate, it is contended, was made for the collection of taxes embraced in the ordinances. Added to the tax ordinance adopted December, 1871, they show an excess of taxation higher than the maximum rate of taxation allowed by law, and hence are in contravention of prohibitory laws, and are, therefore, illegal and void; and it is further contended that inasmuch as these ordinances assess and levy taxes upon the rolls of 1871, they are unconstitutional, being violatory of article 110 of the constitution, which forbids the passage of laws having a retroactive effect. We do not know that an ordinance of the City Council of New Orleans can be questioned with regard to its being in contravention of an article of the constitution. The City Council is the legislative body of the corporation. As such it derives its powers. from the Legislature. It exists only at the pleasure of the Legislature. Its powers are specifically defined and expressly limited, and it can do. nothing except what it is permitted to do.

The question with reference to the validity of its acts is to be tested' by the sanction which it has from the Legislature to perform such acts,. and, in such cases, the point to be determined is not whether any particular ordinance is contrary to the constitution, but whether it is per-

mitted by an act of the Legislature. The question would then arise, whether the law of the Legislature under which the council had acted was, or not, unconstitutional.

But it is contended that the common council are, by the act No. 164, approved March 20, 1856, section 42, allowed once, and not oftener, in each and every year, to lay an equal and uniform tax upon all property, real and personal, in this city; and we are solicited to note the word "once," and the words "and not oftener, in each and every year." And our attention is invited to the act of sixteenth March, 1870, section 18, which provides that the common council of New Orleans shall, once, at a regular meeting, in the month of December, and not oftener, in each and every year, lay an equal and uniform tax, etc., etc. It is urged upon us, that because, on the nineteenth December, 1871, the city passed one ordinance, the ordinance passed afterward, on the twenty-sixth December, 1871, was contrary to the statute which declares that the council shall levy taxes once a year, in the month of December. We can not give our concurrence to such a proposition. Under the statute referred to, the ordinances fixing the rates of taxation must be fixed in the month of December, but we do not understand that all the taxes of the city, upon all the property of the city, distributing the taxes upon the various property and the callings of the citizens, should all be passed at once and on the same day. Such a thing would be impracticable if not impossible. Certainly it would be attended with mischief and injustice, for it would be impossible for any set of men to determine in one day, a fair and equitable rate of taxation, to which all the property, real and personal, in the city, should be subjected.

In this same connection it is contended that inasmuch as on the seventh May, 1872, the City Council passed another ordinance levying other taxes, the ordinances levying these taxes is contrary to the law which provides that taxes shall only be levied once a year, in the month of December. This proposition would be unanswerable if it were not for the act of twenty-sixth of April, 1872, which authorizes the levying of these taxes, the estimate to be made on the tax rolls of 1871. And here comes in the question, is this law unconstitutional because it is retrospective in its operations ?

*Ninth*—Ordinances Nos. 1497 and 1498 are not in evidence.

If this be true, then we have been considering an exhaustive constitutional argument for nothing. If they are not in evidence there is nothing upon which counsel's argument can rest. Upon this point we agree with the City Attorney when he says that the city, having made out her bill of taxes under those ordinances, and having offered the same in evidence, together with proof of publication of notice to delinquent taxpayers, it was the duty of the court to render judgment in

favor of the city; and there being nothing in the record to show error in the judgment thus rendered it should be affirmed with costs.

The last objection is that the court is without jurisdiction, and it is urged that when service of notice is made by publication the court acquires no jurisdiction until proper proof of the publication of such notice, and of a compliance with each of the other requirements of the statute is filed and made to appear in the record. This objection has already been disposed of, in the opinion which we have expressed with regard to the third and fourth points in appellant's brief.

Counsel for the city prays for damages on the ground that the appeal is frivolous and taken for delay. But we do not agree with him altogether, and so merely affirm the judgment.

Judgment affirmed with costs.