B. H. MOTT v. THE CHERRYVALE WATER & MANU-
FACTURING COMPANY.

WATER COMPANY—*Insufficient Supply of Water—Damage by Fire—Lia-
bility.* Where a city contracts with a water company to furnish a
supply of water for use in extinguishing fires, such supply to be paid
for by a levy of taxes upon the tax-payers of the city, and by the
terms of the city ordinance, which the water company accepts, the

water company agrees "that it will pay all damages that may accrue to any citizen of the city by reason of a failure on the part of the company to supply a sufficient amount of water, or a failure to supply the same at the proper time, or by reason of any negligence of the water company," there is no such privity of contract between a citizen or resident and the water company as will authorize him to maintain an action against it for the injury or destruction of his property by fire, caused by the failure of the water company to fulfill its contract.

### Error from Franklin District Court.

ACTION by *B. H. Mott* against the *Cherryvale Water & Manufacturing Company*, to recover damages sustained by fire through defendant's failure to furnish sufficient water to extinguish the fire. Verdict for plaintiff, and from an order granting defendant a new trial he brings error.

*Mechem & Smart,* for plaintiff in error.
*John W. Deford,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: B. H. Mott brought his action against the Cherryvale Water & Manufacturing Company for $700 damages. He alleged in his petition that the defendant is a corporation having the right to construct, maintain and operate a system of water-works in the city of Ottawa, in this state, and has carried on that business under an ordinance enacted by the mayor and council of said city; that on May 2, 1887, he was a citizen and resident of Ottawa and owned personal property, then in his place of business, on block 71, which was, on that day, burnt up without his fault; that it was, by the terms of said ordinance, defendant's duty to furnish a water pressure of 65 pounds within seven minutes after a fire alarm, 75 pounds within 10 minutes, and thereafter, during the fire, a sufficient supply for fire protection; the alarm to be given by the bell, such pressure to be determined by the register in the engine house; that defendant agreed, by the terms of the ordinance, "that it would pay all damages that might accrue to any citizen of the city by reason of a failure on the part of de-

fendant to supply a sufficient amount of water, or a failure to supply the same at the proper time, or by reason of any negligence of the defendant;" that the alarm was given at 1:45 A. M., but defendant failed and neglected, within seven minutes thereafter, to furnish a water pressure of 65 pounds, and within 10 minutes a pressure of 75 pounds, and thereafter, during the fire, a sufficient supply of water for fire protection; that, by reason thereof, his goods were consumed by the fire. Defendant answered, admitting that it was a corporation, as alleged; denying, "all and singular," the other allegations of the petition, and averring "that there is and always was a total want of consideration for the supposed and pretended contract, alleged in the petition." Upon the trial, a verdict was rendered for the plaintiff for $200. Defendant filed its motion for a new trial, which was granted. The plaintiff excepted, and brings the case here.

The trial court, in granting the motion for a new trial, ruled that the clauses of the contract and ordinance between the water and manufacturing company and the city of Ottawa did not give the plaintiff a right to recover the damages alleged in his petition, there being no privity of contract between him and the city of Ottawa, and no legal obligation from the city to the plaintiff upon which it could contract for indemnity. The ruling of the trial court is fully sustained by the great weight of the authorities — by all, or nearly all, of the decisions. The fact that a city levies and collects a tax to be paid to a water company does not create any privity of interest between the water company and a citizen or a resident of the city. In making such contract, the city discharges one of its duties for which it was created, and in raising the required money it only provides the consideration due from it by virtue of the contract. A water company could not proceed directly against a citizen or resident in the first instance for unpaid money due under the contract from the city. "Municipal corporations have and can exercise only such powers as are expressly granted to them by law, and such incidental ones as are necessary to make those powers avail-

able, and are essential to effectuate the purposes of the corporation; and those powers are strictly construed. The law which authorizes cities to contract with individuals and companies for the building and operating of water-works confers no powers upon a city to make a contract of indemnity for the individual benefit of a citizen or resident of the city for a breach of which he can maintain an action in his own name." Under the powers conferred by the statute upon cities in this state, a city making a contract with a water company to furnish water for fires, etc., is not liable to its citizens or residents on account of the failure of the company to furnish water or to perform the conditions of the contract. If a city is not liable to its citizens or residents, the water company is not liable to such citizens or residents upon a contract between it and the city. The contract in such a case is between the city and the water company only. (Gen. Stat. of 1889, ¶¶ 1401, 1402; *Becker v. Water - Works*, 79 Iowa, 419; *Davis v. Water-Works Co.*, 54 id. 59; *Van Horn v. City of Des Moines*, 63 id. 447; *Nickerson v. Hydraulic Co.*, 46 Conn. 24; 33 Am. Rep. 1, and notes 5–9; *Fowler v. Water - Works Co.*, 83 Ga. 219; *Vrooman v. Turner*, 69 N. Y. 280; *Weet v. Village of Brockport*, 16 id. 161; *Foster v. Water Co.*, 2 Lea, 42; *Safe Co. v. Ward*, 46 N. J. L. 19; same case, 31 Alb. L. J. 449; *Blake v. Ferris*, 5 N. Y. 48; *Exchange Bank v. Rice*, 107 Mass. 37; same case, 9 Am. Rep. 1; *Ferris v. Water Co.*, 16 Nev. 44, and the cases there cited.)

In several cases, it has been held that a city is not liable for its neglect in cutting water off from a hydrant, but for which the fire might have been extinguished. (*Taintor v. Worcester*, 123 Mass. 311; *New Orleans v. Insurance Co.*, 25 La. Ann. 390; *Wheeler v. Cincinnati*, 19 Ohio St. 19; *Heller v. Sedalia*, 53 Mo. 159; 14 Am. Rep. 444; 25 id. 90.) This action is not based upon a breach of a statutory duty, but upon the failure of the water and manufacturing company to comply with a contract made with the city of Ottawa. It is not charged in the petition that the plaintiff is a tax-payer, or has ever paid any taxes in Ottawa. It is alleged, however, that

he is a citizen and resident of Ottawa, and, at the time of the fire, was the owner and in possession of personal property, consisting of clothing, household fixtures, furniture, etc., of the value of $700.

There is no claim that this is an action *ex delicto.* In support of the contention of the plaintiff, the case of *Lumber Co. v. Supply Co.* (Ky.), 12 S. W. Rep. 554, is referred to. That case differs from this. In that case there was an express contract, set out in the petition, between the lumber company and the water-supply company, by which, in consideration of rent paid for the use of the two hydrants on its own lot, water was agreed to be furnished directly to the lumber company. In referring to the decision in that case, Mr. A. C. Freeman, the law writer, and one of the editors of "The American Decisions," says, "that the Kentucky court took a different view and reached an opposite conclusion from the other courts by which the question has been considered and determined." (18 Am. St. Rep., notes on pp. 380, 381.)

The judgment of the district court will be affirmed.

All the Justices concurring.