DAWKINS, J.
Defendant appeals from a conviction and sentence under the following section of an ordinance of the municipal council of the city of New Orleans, to wit:
“1. Permits. — No taxicab or for-hire automobile shall be permitted to operate or stand upon the public street without an official permit from the department of public safety, designating the location at which such vehicle will be permitted to stand.”
He is the operator of a public ear, and parked the same at No. 711 Common street, without a permit from the department of public safety. His counsel contends that the section quoted violates article 2 of the state Constitution, and the Fourteenth Amendment to the federal Constitution, in that it permits the commissioner of public safety to discriminate between individuals, and to deny to some the equal protection of the laws. It is further contended that the section quoted violates section 28 of the Act 159 of 1912, known as the City Charter.
These issues were first raised in a demurrer to the charge embraced in an affidavit in the court below, charging the accused with having parked his livery car at No. 711 Common street, without first obtaining a permit so to do from the department of public safety. This having been overruled, a bill of exceptions was retained to the ruling of the court The accused was thereupon tried and convicted, and again raised the same issues in a motion in arrest of judgment, which was likewise overruled, and a bill of exceptions reserved. No formal bills appear to have been prepared or signed; but, since the entire record appears to have been certified by the recorder himself, we are justified in treating the matter as sufficiently appearing for our consideration.
Opinion.
[1] The city, through its council, is vested with control over its streets, and, save for the purpose of public passage and travel thereon, may prohibit their use altogether as places of business; hence it may also make reasonable regulations for their use, in whatever way it chooses, so long as such rules apply uniformly to all persons of the same class. However, this power does not permit it to arbitrarily select those to whom such privileges may be granted, without some uniform system by which all in the same class may avail themselves thereof by complying with the regulations so imposed. This does not mean that the city may not limit or prescribe the time, place, number, etc., of those who may use the public thoroughfares, but simply precludes it from exercising in an arbitrary and discriminatory manner that control over the public property which it holds in trust for the people at large.
“Notwithstanding that express provision may exist to enact, the ordinance must provide a uniform rule of action; it must contain permanent legal provisions, operating generally and impartially, for its enforcement cannot be left to the will or unregulated discretion of the municipal authorities or any officer of the corporation.” McQuillin on Mun. Corp. vol. 2, p. 1580, § 728, and authorities there cited; City of New Orleans v. Sanford, 137 La. 628, 69 South. 35, L. R. A. 1916A, 1228.
[2] The ordinance attacked leaves it to the unregulated discretion of the department of public safety as to whom permits shall be issued to occupy any part of the streets with a public livery car. We were informed in oral argument that this was done because the city conceded to the property owners abutting the public streets the right to say who shall occupy the streets in front of their places of business, since they have the right to keep same clear for the use of their cus *553 tomers and themselves. However, this only renders the system all the more obnoxious, for, as was also stated in argument, such proprietors are permitted to award such stands to the one who will pay the largest rental, thus not only allowing an individual to rent the public streets for his private benefit, but also placing in the hands of the department, or officer to whom the discretion of granting or refusing the permit is given, a formidable weapon for oppression or corruption, depending solely upon the wisdom and integrity of the officer.
We find it unnecessary to pass upon the question of whether or not the ordinance conflicts with the city charter.
For the reasons assigned, the conviction and sentence is set aside and annulled, and it is now ordered and decreed that the demurrer be and is hereby sustained and the accused discharged.