PONDER, Justice.
The defendant has appealed from a judgment sentencing'him to pay a fine of $500 for the violation of a city ordinance, The ordinance under which the defendant was convicted and sentenced provides as follows :
“Section 26.07 Storage of Readily Combustible Materials. Permit Required. No person shall store in any building or upon any premises within any residential area, any combustible empty packing cases, boxes, barrels, or similar containers, or rubber tires, or baled cotton, rubber or cork, or other similar combustible material without a permit from the Chief of the-Fire Pre *517 vention Bureau. These provisions shall apply equally to new or existing conditions. It shall be a violation of this Ordinance, after proper and legal written notice has been given, for any person, firm or corporation to permit any such materials to remain for more than twenty-four (24) hours on any premises or in any building located within any residential area.” Ordinance No. 44 of 1954 as amended by Ordinance No. 79 of 1954 of the City of Shreveport.
The defendant contends that Section 26.-07 of the ordinance of the City of Shreveport transcends the power of the city in that it seeks to make it an offense for any person to keep rubbish on his premises within a residential area in contravention of the state statute, LSA-R.S. 40:1605 which provides :
“No person shall allow any empty boxes or barrels or any rubbish, trash, waste paper, excelsior, or other similar combustible materials not incident to or necessary in his trade to remain in any alley or sidewalk or on any premises within thirty feet of a building longer than twelve hours or overnight.” ■
The defendant takes the position that although his business is located in a residential section that under the state statute he is exempt from prosecution. Defendant contends that, therefore, the ordinance is unconstitutional because it is unreasonable, discriminatory, and retroactive, that it violates LSA-R'.S. 40:1605, and vests arbitrary discretion in the Chief of Fire Prevention Bureau without prescribing a definite rule for guidance. He pled to the jurisdiction of the court, the unconstitutionality of the ordinance, and moved to quash the affidavit charging him with the offense. These motions were overruled by the City Court. The defendant reserved bills of exception. , Upon trial, he was' convicted and sentenced to pay a fine of $500 and costs. He applied for a rehearing, and moved for a new trial, and ah arrest in judgment. Upon denial of these motions hé reserved bills of exception. He has appealed to this Court urging the illegality and unconstitutionality of the city ordL 'nance under which he was fined.
It appears that the state law, LSA-R.S. 40:1605, is not a comprehensive fire code but purports to regulate the larger public buildings and that the requirements set forth therein are only minimum standards set up for the guidance of the Fire ■Marshal, and it does not prevent municipalities from ■ establishing comprehensive ■fir.e regulations. Municipalities may ,enact laws to supplement the state statute providing they do not conflict with the provisions of the state law upon the same subject and providing the municipality was given *519 subordinate authority by city charter to legislate. Municipalities may make such new and additional regulations in furtherance of the purpose of the state law as they may deem fit and appropriate to meet the necessities of the locality provided they are not in themselves unreasonable. State ex rel. Sutton v. Caldwell, 195 La. 507, 197 So. 214; City of Baton Rouge v. Rebowe, 226 La. 186, 75 So.2d 239. The ordinance herein does not conflict with the state statute but merely supplements it to meet the exigencies that might arise to prevent fire hazards.
The ordinance is not unreasonable or discriminatory, it does not vest arbitrary discretion in the Chief of the Fire Prevention Bureau, it affects all persons similarly situated. City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440 (and cases cited therein); City of New Orleans v. Le Blanc, 139 La. 113, 71 So. 248; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369, 377.
The defendant cites cases where certain laws were declared to be discriminatory but the facts in those cases show that they are not pertinent because such laws involved therein did not apply to all persons similarly situated.
There is no more discretion vested in the Chief of the Fire Prevention Bureau than is vested in the Fire Marshal under the state statute. Some discretion must be vested in public officers in enacting- laws and regulations and it is only where the statute or ordinance purports to vest arbitrary discretion in a public officer, without prescribing any definite rule for his guidance, that a statute or ordinance may be deemed unconstitutional. City of Shreveport v. Herndon, 159 La. 113, 105 So-. 244.
It would be unreasonable to require the ordinance to list the various articles and quantities of such that may be hazardous because what would be hazardous in one instance may not be in another depending on the facts and circumstances.
It appears from the record that there was an appeal to the district court for a trial de novo and that the only question presented to this Court is the legality and constitutionality of the ordinance under which the fine was imposed.
For the reasons assigned, the judgment rejecting the plea of unconstitutionality of the ordinance is affirmed.