428 So.2d 502 (1983)
Alvin B. GURST, Plaintiff-Appellant,
v.
CITY OF NATCHITOCHES, Defendant-Appellee.
No. 82-534.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
*503 Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, for plaintiff-appellant.
Julian E. Bailes, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOUCET, Judge.
Pursuant to a municipal ordinance forbidding the accumulation of debris on property within the city, defendant, after serving notice upon plaintiff, removed scrap iron, used automotive parts and used building materials from plaintiff's residence. Thereafter, plaintiff instituted the present trover action. The trial judge, although finding that the ordinance was designed to prohibit the property use complained of, held that the City of Natchitoches was liable for conversion of property of value without justly compensating plaintiff and awarded monetary damages. Defendant appeals. We affirm in part and reverse and remand in part.
The issues presented on appeal are: (1) Were the items removed within the scope of the ordinance?, and (2) Was the remedy granted proper?
Plaintiff-Appellee, Alvin B. Gurst, is a collector of miscellaneous items of various, and sometimes doubtful, value which he stores at his residence at the corner of Howell and Amulet Streets in the city of Natchitoches pending sale or use. Among the items left about the property are building materials from razed buildings and used car and truck parts. Numerous complaints were received by the City concerning the property's condition. Defendant considered the collections strewn about the Gurst yard to be debris and consequently hauled the material away after plaintiff failed to comply with requests pursuant to City Ordinance No. 43 of 1980, as amended. The Ordinance provides in pertinent part:
SECTION 16-18. Performance of Work by City Upon Owner's Failure to Comply With Article; Collection of Costs.

*504 (a) In the event the owner of a lot, place, or area within the City does not cut, destroy or remove noxious weeds, grass or growth, or accumulations of debris or trash on his property, after receiving ten (10) days written notice pursuant to Section 16-17, then the City shall have the right to do the work of cutting, removing or destroying the weeds, grass or debris, either with the personnel and equipment of the City of Natchitoches, or by means of a contract with a third party.
Plaintiff, a self-acknowledged junk dealer, was of the opinion his property had value, did not constitute "debris" within the meaning of the statute and, accordingly, filed suit for conversion. The city of Natchitoches defended its action claiming conversion could not spring from the exercise of a legal right. Plaintiff alleged in his original petition that the following items, with their assigned worth, were removed from his property by the city:

100 pcs. 2 × 4  8' s4s lumber $ 100.00
30 pcs 2 × 6  10' s4s lumber 45.00
30 pcs 10' sheet metal roofing 60.00
1 metal tool box 50.00
6 yards Masonry sand 120.00
2000 face bricks 360.00
200 lbs. copper 100.00
1 pr. Saddel tanks 250.00
1 Snatch block 150.00
3 radiator cores 150.00
400 cinder building blocks 8 × 8 × 16 200.00
200 cinder building blocks 4 × 8 × 16 80.00
1 tire and rim for GMC Van 30.00
1 Fan Frame 25.00
15 pc. ½" × 20 deformed rebar 30.00
1 V-8 cylinder motor (engine) 50.00
1 6 cylinder motor (engine) 50.00
25 pcs. fiberglass roofing 50.00
 __________
 $ 1,875.00

By amended petition plaintiff added the following items:

1  5 foot bath tub $ 50.00
5  20 Inch truck rims @ $35 175.00
2,000 lbs. scrap iron @ 5¢ 100.00
 ________
 $ 325.00

Both original and amended petitions further sought damages for trespass and taking of his property and attorney's fees for a total of $6,875.00, plus interest. In rendering judgment for the plaintiff, the trial judge stated that among "the worthless accumulations of trash and debris" there were also items with salvage value, worth a total of $2,200.00 and, therefore, damages were awarded in said amount. Subsequent to judgment, defendant filed a Motion for New Trial, and, upon denial thereof, instituted this appeal. Plaintiff did not answer this appeal, hence the judgment is final insofar as the rejection of his other demands.
It is clear that a municipality may regulate the occupation of dealing in junk. City of New Orleans v. Southern Auto Wreckers, Inc., 193 La. 895, 192 So. 523 (1939). Equally clear is that a municipality may, via zoning ordinance, restrict the location of a business. Four States Realty Co., Inc., v. City of Baton Rouge, 309 So.2d 659 (La.1975). The validity of an ordinance forbidding the keeping of rubbish on premises within a residential area is not questioned. See: City of Shreveport v. Provenza, 231 La. 514, 91 So.2d 777 (1956). What is unclear, from the record, is the zoning assigned to the property complained of, although the character of the neighborhood is clearly residential. Therefore, we will assume the plaintiff's dealing in junk at his residence was proper and restrict our review to whether the property removed constituted "debris" and whether the award of damages was proper.
Municipal legislative acts are presumed to be valid and are to be interpreted to sustain validity if susceptible to reasonable interpretation having this effect. City of Shreveport v. Curry, 357 So.2d 1078 (La. 1978). Interpreting the ordinance herein so as to give it effect, we find that its scope is not limited to rubbish of zero value as suggested by plaintiff. Nevertheless, because of the multitude of items taken and the superior position of the trial judge to determine whether such materials taken constituted "debris", the factual finding of the trial judge in this regard will remain undisturbed. Canter v. Koehring, 283 So.2d 716 (La.1973).
With regard to plaintiff's remedy, the general rule is that the measure of *505 damages for conversion consists of return of the property itself, or if the property cannot be returned, the value of the property at the time of conversion. Holland v. First National Bank of Crowley, 398 So.2d 186 (La.App. 3rd Cir. 1981); Boisdore v. International City Bank & Trust Co., 361 So.2d 925 (La.App. 4th Cir.1978). In the present case, the record reveals the property can be returned, indeed the City has offered return of the property. Therefore, in accordance with the aforementioned rule and in light of the speculative value of the property removed, we find that the proper remedy is return of the property. Thus the trial judge erred in denying defendant's application for a new trial premised upon these grounds.
For the reasons assigned, the judgment appealed is reversed insofar as it awarded the value of the property taken and the case is remanded to grant plaintiff a remedy in accordance with law. In all other respects, the judgment is affirmed. Costs of this appeal are cast equally among the parties.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
FORET, J., concurs with written reasons.
FORET, Judge, concurring.
I concur in the result arrived at by my esteemed colleagues. However, I cannot subscribe to the holding therein or even the implication that the City of Natchitoches is guilty of a conversion of the plaintiff's property.
Under the findings of the trial court, that the property of plaintiff which was removed from his lot was in fact debris and/or downright junk, the City was empowered to remove it under the ordinance involved. If the City had a lawful right to remove the debris, the removal of it cannot be termed a conversion. Conversion, as I see it, means an unlawful taking of, appropriation, or otherwise an unlawful deprivation of the owner (or custodian) of his property. Cf. Black's Law Dictionary, Revised 4th Edition. If the taking here was legal and proper under the ordinance involved, then no conversion occurred.
Accordingly, in my view, we should dispose of this matter at the appellate level and simply reverse the $2,200 judgment and leave it at that. If the plaintiff wants to pick up his property which is presently in the possession of the City, he may do so, with the observation that in the absence of the City's consent, the plaintiff may not return the "debris" to the lot from which it was taken or to any other place in the City where the provisions of the ordinance apply.