## ELLIOTT v. AMITE BUILDING & LOAN ASS'N.

### No. 1812.

Court of Appeal of Louisiana. First Circuit.

March 9, 1938.

Charles Elliott, of Amite, in pro. per.

L. B. Ponder, Jr., of Amite, for appellee.

DORE, Judge.

Plaintiff instituted this suit with the view of having sections 53, 54, 55, 56, 76, and 81 of Act No. 140 of 1932, declared unconstitutional in so far as he was concerned, and to order the defendant homestead association to set apart and apply to the payment of his stock in the said association one-half of its receipts from the date of his demand until he has been paid in full, as provided for under the provisions of section 7 of Act No. 280 of 1916, p. 570.

He alleges that during the year 1927, he purchased ten shares of full paid-up stock in the defendant association, for which he paid the sum of $1,000, and secured proper certificates therefor. He alleges that at the time of his purchase, his right to withdraw same was controlled by section 7 of Act No. 120 of 1902, as amended by Act No. 280 of 1916; that under the provisions of said act, he had and has the right to withdraw the amount paid for his stock at any time by filing written notice of his desire to do so with said association; that the said act further provides that whenever the proportion of receipts ordinarily made applicable to the demands of withdrawing members is not sufficient to pay all such demands, within sixty days from date of notice, then one-half of the receipts of the said association shall thereafter be applied to payment of the demands of withdrawing members until all are paid. He further alleges that he filed

on June 7, 1937, with the said association the notice of his desire to withdraw the $1,000, in pursuance to the provisions of said act; and that, regardless of the fact that more than sixty days had expired, the defendant association did not pay any part of the amount and has refused to set aside any part of its receipts for the purpose of paying said amount, defendant association contending that it was justified in its refusal by the provisions of sections 53, 54, 55, 56, 76 and 81 of Act No. 140 of 1932.

Plaintiff sets out the provisions of said sections. He attacks the constitutionality of said sections 53, 54, 55, and 56 of said act, supra, in so far as they attempt to alter or restrict his right to withdraw the stock which he purchased before the passage of said act; and he also attacked the constitutionality of section 76 of said act, in so far as it attempted to fix a prescriptive period of ninety days from the effective date of the act in which a person affected by it might attack its constitutionality; and, also, he attacked the constitutionality of section 81 of said act which undertook to repeal Act No. 280 of 1916.

The prayer of plaintiff's petition is that the above-named sections of Act No. 140 of 1932, be declared unconstitutional, null, and void, in so far as they affect his right to withdraw the amount of his stock, and that the association be ordered to set apart and apply to the payment of his stock, one half of its receipts until his claim is paid in full. The suit was filed on September 23, 1937. An exception of no cause or right of action was filed and maintained. The judgment dismissing the suit on the exception was signed on November 10, 1937, and the appeal perfected. On November 23, 1937, a judgment was signed confirming the State Bank Commissioner and Supervisor of Homestead and Building and Loan Associations as liquidator of defendant association, and he was placed in charge of the affairs of the association for the purpose of liquidation according to law. The liquidator has been made a party to the appeal.

Counsel for the liquidator has filed a motion in this court to dismiss the appeal on the ground that the question involved in the appeal has become moot, since the affairs of the defendant association are now in liquidation.

The motion to dismiss is well taken and is sustained, and the appeal should be dismissed. Since the association is now in the hands of the liquidator provided by law,

320

it is manifest that plaintiff can neither gain or lose anything by this appeal. If plaintiff prevailed in his request, it would result in an order by this court on the liquidator to set apart and pay one-half of the receipts of the association in order to satisfy plaintiff's claim, whereas, under the law, the liquidator is required to collect the assets of the association and distribute them according to law. He is not authorized to carry on the association as a going concern in order to provide sufficient funds with which to pay plaintiff's claim, by preference and regardless of the rights of the other stockholders and creditors of the association.

As stated, supra, plaintiff has nothing to gain, and likewise he has nothing to lose. Whatever rights he has, he may assert them in the liquidation proceedings in the same manner as any other creditor or stockholder.

■ In the present situation, the question on appeal has become moot, and it is too well established to require citation of authority that, where a moot question only is to be decided, or where the appeal cannot be effective relative to the rights of the litigants, the appeal will be dismissed.

For these reasons, the appeal in this case is hereby dismissed at the cost of appellant.