DORE, Judge.
This is an application for alternative writs of mandamus against the Commissioner of Public Welfare of Louisiana on behalf of relator, an infant of the age of fifteen months, having been born on September 5, 1948. The application sets forth that relator’s father and mother were duly married in October, 1947, and that relator is the legal child of her parents. The application further shows that at the time of' the marriage of her father and mother, and! prior thereto, relator’s father was an escaped convict from the Louisiana State Penitentiary,' from which institution he escaped during the latter part of 1946; that in October, 1949, he was extradicted and returned to the penitentiary. The application further sets forth that relator’s father is an involuntary ward of the State of Louisiana, and that relator’s domicile is automatically that of her father, and that she is. entitled to secure a reasonable remuneration from the Department of Public Welfare for the necessities of life and is entitled to alternative writs of mandamus directed to the Commissioner of Public Welfare for the State of Louisiana, ordering him to grant relator welfare assistance. The application sets forth that certain procedures have already been had through the administrative department in an attempt to collect the welfare relief requested in the application, but it is stipulated and agreed that the relator has not exhausted the administrative relief of appeal and review, as provided by Sections 9 and 14 of Act 359 of 1938.
The application was met by an exception of no cause or right of action, and also by an exception of prematurity, the latter exception being based on the aforesaid stipulation.
The lower Court, after considering the-pleadings, the argumeht, and the stipulation of counsel, upheld the exception of prematurity, and dismissed the application. The relator has appealed.
The sole contention of the plaintiff-appellant is that Sections 9 and 14 of Act 359 of 1938, as amended, are unconstitu *57 tional, being in conti avention of Article I, Section 6 and Article II of our Constitution in that the said Act delegates to the Welfare Board, an administrative branch of the Executive Department, judicial functions belonging to the Judicial Department. We cannot agree with her ■ contention. There is no delegation of any judicial functions to the Welfare Board and/or the Commissioner of Public Welfare under these sections, but merely the proper administrative authority to see to it that the applicant is wo'rthy of relief. Furthermore, after the applicant has exhausted the administrative remedies provided for by the Act, and is not satisfied with the ruling in his or her case, the Act provides that he or she may appeal to' the Courts for relief.
Suffice it to say that the powers delegated in the Act are merely administrative and not judicial'powers, and in view of the stipulation that the administrative remedy has not been exhausted, it seems clear that ■the exception of prematurity was well founded, and correctly sustained.
The judgment appealed from is affirmed.