TATE, Judge.
Plaintiffs, officers of the Lake Charles Fire Fighters Association of the employees of the Lake Charles Fire Department, seek a mandatory injunction ordering the defendant City of Lake Charles to appoint three additional assistant fire chiefs as allegedly required by State statute. Plaintiffs appeal from judgment dismissing their suit on an exception of no cause of action.
The allegations of the petition, which must be accepted as true for purposes of passing on this exception of no cause of action, show that the City of Lake Charles is’ divided into two fire districts, with one person serving as assistant (or district) fire chief in command of each.
Plaintiffs further allege that there are two shifts of firemen for each fire district (or four shifts in all), .alternating twenty-four hours on duty and twenty-four hours off duty; plus one additional “relief shift” to relieve members of the four regular district shifts when the latter firemen have complettd the maximum hours of working time authorized by statute and by their agreement with the City of Lake Charles.
Since LSA-R.S. 33:1994 of the Louisiana Firemen’s Wages and Hours Act provides that no firemen in a city of the population of Lake Charles should be required to work more than sixty hours except in case of emergency, plaintiffs contend that the city was required to appoint additional district fire chiefs (or one with each shift) in order additionally to comply with Act 498 of 1954, incorporated in the revised status as LSA-R.S. 33:34; which before its amendment by the 1956 legislature provided:
“In all cities covered by this Sub-part, fire districts are hereby established within the fire department which shall include not more than four fire companies and which shall be under the direction and command of an assistant or district fire chief, who shall be under the supervision of the chief of the fire department.” (Italics ours.)
Thus, plaintiffs urge that the 1954 statute mandatorily requires district fire chiefs in “direction and command” of each fire district; that this therefore requires a district fire chief on a duty status during the entire twenty-four hours each Lake Charles fire district is in operative status ; that in order to avoid the statutory prohibition of LSA-R.S. 33:1994 that no firemen (which plaintiffs contend includes assistant fire chiefs) shall be required to work more than sixty hours, it is necessary for the City of Lake Charles to appoint a total of five assistant fire chiefs — i. e., one with each shift, or three district fire chiefs additional to the two .actually utilized by the city. (The further allegations of the petition indicate that the two present district fire chiefs were on call at their homes or elsewhere when not on an active duty status.)
After this appeal was lodged in this Court, the Legislature amended LSA-R.S. 33:34 by Act 482 of 1956, effective August 1, 1956, to further provide that the Assist *143 ant or District Fire Chief “shall be on active duty on an assigned shift in each respective district.” Thus the statutory provision was amended so as to conform with the interpretation previously placed thereon by appellants herein.
Defendant urges with considerable force that the present injunction suit has become moot with enactment of the 1956 statutory amendment. However, in view of plaintiffs-appellant’s earnest insistence that the suit is not moot—they urge that if their construction of the 1954 Act is held correct, the three senior firemen under the civil service qualification list who should have been appointed as additional assistant fire chiefs on or before the filing of the present suit are automatically entitled to receive retroactively the salary raise to which they-would have been entitled (with which contention we do not necessarily agree)—we have thought it 'best to determine the central issue of this suit, the correct statutory construction of the 1954 enactment of LSA-R.S. 33:34, in order to dispose finally of the various litigatable matters which revolve about the judicial construction in this suit of the statutory provision in question. See, e. g., companion suit this day decided, City of Lake Charles v. Nope, 92 So.2d 144.
On the merits, plaintiffs urge that the 1956 amendment of the 1954 statute indicates the Legislature’s desire to clarify the intention of the earlier Act so as to avoid unfavorable judicial constructions such as that of the District Court herein. Contrariwise, defendant relies upon the well settled jurisprudence that “when a statute (particularly one which has been interpreted by the courts) is amended, and the wording of the act is altered, the Legislature intended to change the former law on the subject [cases cited]”, Hibernia National Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. 15, at page 18.
“The presumption of change in the law as it stood previously or of substantial change finds support in the fact that in the process of legislation statutes are generally amended with a design of effecting a change of substance,” McCaffery, Statutory Construction (1953), p. 156. But on the other hand, “if an amendment follows soon after controversies have arisen as to the meaning of the original act, there is reasonable likelihood and it is logical to believe it was merely intended to clarify the meaning of the pre-existing law,” McCaffery, supra, cit., pp. 156-157. Judge McCaffery, author of the treatise above quoted, concludes— correctly in our opinion—that whether an amendatory act passed soon after controversy arises as to the legislative intention expresses, on the one hand, a change in the previous statute or, on the other hand, a clarifying interpretation of the original intent; depends not upon an automatic presumption either way but upon “a recourse to -other pertinent indicia of legislative intent,” p. 158, such as a legislative expression of the purpose of the amendatory act.
The record before us is silent as to any legislative declaration or other admissible indicia concerning either whether the Legislature sought to change the previous law or else to confirm its previous intent. We therefore decline to draw any presumption from the passage of the amendatory 1956 act as to the legislative intent of the original 1954 act.
As enacted in 1954, the statutory provision provided that each fire district “shall be under the direction and command of an assistant or district fire chief,” LSA-R.S. 33:34. We agree with the District Court below, and with the opinions of the Attorney General, August 12, 1954 (Nope) and September 17, 1956 (Liskow), that the provision as originally enacted required only the appointment of one assistant fire chief for each district. It was silent as to any requirement that such district chief remain on active duty at all times and with all shifts. Thus, while the Act provided that one assistant fire chief should have the responsibility for the direction and com *144 mand of each fire district, it did not require that such district chiefs would be on duty longer than the statutory maximum of sixty hours provided by LSA-R.S. 33:1994. The City of Lake Charles, therefore, was not required to comply with plaintiffs’ demand that it appoint additional assistant fire chiefs for each shift.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.