TATE, Judge.
This is a companion suit to the case of Cranford v. City of Lake Charles, 92 So.2d 141.
In the present proceedings, the City of Lake Charles and certain fire department employees sought and obtained an injunction against the members of the Lake Charles Municipal Fire and Police Civil Service Board, the Lake Charles Fire Fighters Association, and the latter’s officers, prohibiting them from prosecuting certain charges before the municipal Civil Service Board.
These charges were based upon the appointment of only one assistant fire chief *145 for each fire district (rather than one assistant fire chief for each shift) and thus requiring each district fire chief to be responsible during the entire week for his fire district, whether on active duty or not. Defendants herein in effect contended that the correct construction of LSA-R.S. 33:34 and LSA-R.S. 33:1994 prevented any one district fire chiefs responsibilities to attach longer than sixty hours weekly, whether on active duty or not.
Present defendants had filed and considered these charges during the pen-dency of the injunction suit filed by the defendant Association to make the city comply with the construction of the statutory provisions urged also by defendants herein, which was this day decided, Cranford v. Lake Charles, above-cited.
In the companion suit, this Court construed the statutory provisions in accordance with the city’s contentions, and adversely to the contrary construction placed thereupon by defendants-appellants. The effect of this companion decision thus is to deprive defendants of the grounds upon which they based the action against plaintiffs herein. They therefore no longer can complain of the injunction issued against them below, because even if it were lifted, there would be no further legal cause to complain of plaintiffs’ actions herein. For all practical purposes, the cause is moot.
 “In cases where no practical results can be obtained, this Court will not entertain the appeal [cases cited]”, Navarre v. Lafayette Parish School Board, 226 La. 876, 77 So.2d 520, at page 521. “It is the function of appellate courts to render judgments that can be naade effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow,” Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660, at page 662. See also Edwards v. Hayes, 203 La. 433, 14 So.2d 48; Cropper v. City of Natchitoches, La.App. 2 Cir., 185 So. 308, certiorari denied; Elliott v. Amite Building & Loan Ass’n, La.App. 1 Cir., 179 So. 318.
For the above and foregoing reasons, this appeal is dismissed.
Appeal dismissed.