CHASEZ, Judge.
This is an appeal from a judgment which’, made peremptory a writ of mandamus, sought by relator, Bert Leasing Corporation, directed to the Honorable Thomas F. Donelon, President of the Parish of Jefferson; Honorable Harrison Schouest, Jr., Safety Department, Regulatory Inspector-Chief ; and Denis J. DeVun, Chief Building Inspector, requiring them to issue a. building permit to relator for the purpose: *25 •of constructing a commercial building on its property.
Relator’s property is zoned C-2, which ■allows its use for commercial purposes by •virtue of Jefferson Parish Ordinance #6526. On May 7, 1964, the Parish Council of Jefferson adopted Resolution #6661 which ordered a restudy of the area in which relator’s property is located “ * * * 'to determine if a reclassification of property is necessary * * * ” Resolution #6662, •adopted the same day, directed the division -of Regulatory Inspections of the Department of Safety to revoke all building permits in the area referred to in Resolution #6661.
When relator subsequently applied for a building permit for erection of a commercial building on its property, the permit was refused and this mandamus proceeding was filed. Exceptions of no right and ■no cause of action were filed by respondents alleging that relator failed to apply for or secure documents and permits re■quired by law prior to the application for ■a building permit.
After trial of the exceptions they were ■referred to the merits. Respondent’s answer, affirmatively alleged that the necessary certificate of use or occupancy for issuing a building permit had not been secured by relator; that even if the necessary certificate had been secured, a building permit could not issue without viola-ing the Zoning Ordinance (Sec. XXVII) and that they were further prevented from issuing the building permit by Resolution #6661 and Resolution #6662. After a trial on the merits, the Court held, as a matter of law, that Resolutions #6661 and #6662 did not bar the issuance of the building permit. The Court a qua stated in its reasons for judgment:
“The respondents further contend the application of relator was not in proper form. However, the testimony of the Chief Building Inspector, Denis J. DeVun, Sr., clearly shows the sole reason for not issuing the permit was the existence of Council Resolution #6661. Therefore, the Court relying on the case of State, Ex Rel Fitzmaurice v. Clay, [208 La. 443] 23 So.2d 177, holds that this contention cannot be raised at this time since the refusal to grant the permit was not in any way affected by any informality of application.”
We are of the opinion that the holding of the Clay case was correct under the facts involved in that case; however, it is not applicable here. In that case the Supreme Court held that mandamus would lie for the issuance of a building permit where the permit was not applied for in proper form and where the evidence indicated that even if the application had been in proper form it would have been refused. It should be noted here that a comprehensive zoning law and building code was not in existence in the Parish of St. Landry, where the Clay case arose.
In this case, however, we are presented with a comprehensive zoning ordinance and building code adopted by Jefferson Parish pursuant to LSA-R.S. 33:4721 et seq. The Building Code of Jefferson (Ordinance #2225), Article 201, states that: “No permit will be granted except under conditions conforming to the provisions of this Code and other applicable ordinances and laws.” Further, in Article 210 of the Building Code it is stated: “ * * The restrictions of any zoning ordinance which may be adopted by the Parish shall not be deemed to be modified by any provisions of this Code; such provisions shall be controlled [controlling] except insofar as this Code imposes greater restrictions * * * ” The requirements of the zoning code are, therefore, incorporated into the building code.
We now turn to the Zoning Ordinance of Jefferson Parish. Section XXIII, Paragraph 2, provides that no permit for erection of any building “ * * * shall be issued before the application has been made and approved for a certificate of use or oc *26 cupancy, * * * ” This certificate was not applied for or secured by relator herein. Relator contends that such an application would have been a vain and useless act for the Safety Director would have refused to issue the certificate on the same grounds he refused to issue the building permit, i. e., Resolution #6662.
The Zoning Ordinance, as heretofore stated, was adopted pursuant to LSA-R.S. 33:4724. The zoning ordinance defines permitted uses of property located in designated areas of the Parish. A Planning Advisory Board is established to recommend proposed changes in the zoning law (Sec. XV). The office of Safety Director is to administer the law and issue certificates of use or occupancy when he is satisfied that the law has been complied with since it is imperative that before a building permit is issued a certificate of use and occupancy must be secured (Sec. XXIII).
More important to this opinion, the Zoning Ordinance establishes a Zoning Appeals Board (Sec. XXI). The Zoning Appeals Board is a quasi-judicial body composed of five appointed members. An appeal to this Board is to be taken by a party aggrieved or affected by any decision of the Safety Director. The powers and duties of the Board are stated in Section XXI, Paragraph 4(A) as, “To hear and decide appeals where it is alleged there is error of law in any order requirements, decision or determination made by the Safety Director.” On appeal the Board has the power to affirm or reverse the decision of the Safety Director. Any person aggrieved by a decision of the Zoning Appeals Board then may file appropriate legal proceedings in the District Court of the Parish of Jefferson, within thirty (30) days after the filing of the decision in the office of the Board.
Thus the Zoning Ordinance of Jefferson Parish seeks to exercise the police power of Jefferson in an orderly manner with an administrative, or quasi-judicial, body to review the decisions of the administrative officers. For this reason we are of the opinion that the Clay case (supra) is inapplicable. In the Clay case a comprehensive zoning law was not before the Court. The building permit there had been refused outright and since there was no zoning ordinance or building code governing the situation and no administrative appeal board to apply to, applicant’s only recourse was to the Courts.
It is a well established rule of law that judicial relief will not be granted before all administrative remedies are exhausted. O’Meara v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506 (1947); Porter v. O’Neal, 205 La. 445, 17 So.2d 622 (1944); Shreveport Laundries, Inc. v. Southern Cities Distributing Co., 176 La. 994, 147 So. 56 (1933); Richardson v. Parish Council, 53 So.2d 458 (La.App. 1951) ; State ex rel. Johnson v. Higgins, 47 So.2d 56 (La.App.1950).
In an article, “Legal Aspects of Local Planning and Zoning in Louisiana,” 6 La. L.Rev. 495, 514, the author states:
“Once a governing body has put the board of adjustment machinery in operation parties affected should be deemed bound to employ it in all matters within its field of operation. An aggrieved property owner would, thus, have to exhaust his right of recourse to the board before he could seek judicial relief * * * ”
We are of the opinion that the administrative remedy should have been pursued before redress was sought in the Courts.
For the foregoing reasons, the judgment of the District Court making preemptory the alternative writ of mandamus is reversed and set aside, and said writ is recalled; it is further ordered, adjudged and decreed that relator’s application for a mandamus is dismissed at its cost.
Reversed.