REDMANN, Judge.
The issue in this case, before us on cer-tiorari, is whether administrative remedies exist and if so must be exhausted prior to seeking remedy in the courts for the attempted revocation of a building permit after the building authorized has been erected, by simple letter of the Jefferson Parish Safety Director’s office, without prior notice and hearing.
The trial court maintained exceptions of no right or cause of action, relying on State ex rel. Bert Leasing Corp. v. Donelon, 173 So.2d 24 (La.App.1965); cert. denied 247 La. 796, 174 So.2d 534 (“On the facts found by the Court of Appeal the result is correct.”). In that case an application for a building permit had been refused initially by the Safety Director’s office and the prerequisite use and occupancy certificate had not even been applied for. We held relator there had first to pursue his administrative remedy before going to court for mandamus.
There is a recognized difference between mandamus to issue a building permit and an action to declare null an attempted revocation of a building permit. See State v. Adjustment Bd. of City of Baton Rouge, 220 La. 708, 57 So.2d 409, 412 (1952). It appeared plain to us that State v. Donelon, supra, was inapplicable to the circumstances here and we therefore issued an alternative writ ordering the trial court to? overrule the exceptions or to send up the record for review. The trial court elected the latter course.
Plaintiff-relator’s original petition alleges he owns a residential lot in an unincorporated area of Jefferson Parish, obtained the required consent of neighboring landowners to locate a house trailer thereon, obtained a building permit for that purpose, and in fact purchased and installed (including having $450 of plumbing done) a trailer thereon. Then plaintiff alleges the Chief Building Inspector (a subordinate of the Safety Director) wrote him a letter “attempting to revoke Building Per *846 mit No. 55299 authorizing the location of a house trailer on the above described lot and prohibiting and attempting to prohibit the use of the lot for that purpose”, without notice or hearing to plaintiff.
Defendants, the Parish of Jefferson and its Department of Regulatory Inspection and its Planning Department, excepted to plaintiff’s petition, alleging it failed to state a right or cause of action because “his remedy is to appeal to the Zoning Appeal Board”, citing State v. Donelon, supra.
The Jefferson Parish Comprehensive Zoning Ordinance, Ord. No. 7530 (an amendment and reenactment of Ord. No. 3813), § 22 subd. 4A, uses very broad language in making it the duty of the Zoning Appeals Board “To hear and decide appeals where it is alleged there is error of law in any order, requirements, decision or determination made by the Safety Director.” (Indeed that language is so broad that, coupled with § 22 subd. 3’s language, it might seem that any “officer, department * * * or other agency” aggrieved by the original issuance of the building permit should have appealed to the Zoning Appeal Board within 30 days, if that Board had jurisdiction over building permits.)
This language can only mean, however, that appeals from zoning-ordinance actions of thfe Director are appealable to this Board. And, while that ordinance requires compliance with its provisions (including obtaining a certificate of use and occupancy) as a requisite for issuance of a building permit, the building permit itself is governed by a Building Code. The Zoning Appeals Board appears to us to have no authority either to declare null an issued building permit or a revocation thereof, or to order the issuance of a building permit.
The Building Code and Related Regulations of the Parish of Jefferson, Ord. No. 2225 as amended and reenacted by Ord. No. 9126, establishes a Board of Standards and Appeals whose duty art. 402 makes it “To hear and decide appeals where it is alleged there is error in any order, requirement, decisions or determination made by the [Safety] Director in the enforcement of this Code.” (Emphasis added.)
We find no authority for revocation of a permit, “in enforcement of this Code”, except in art. 209, authorizing revocation only where work in violation of the Code has been stopped, notice of stoppage posted on the work, and owner or agent notified in writing of violation of the Code, and then only if the owner refuses to comply “with said orders by making the necessary corrections”.
Plaintiff’s allegation here, of revocation without notice or hearing, is an allegation of an attempted revocation not authorized by the Code and therefore not in enforcement of the Code. In our opinion, regardless of whether the Board of Standards and Appeals might have accepted an appeal from this attempted revocation if filed within the 15-day period allowed by art. 402, plaintiff’s petition asserts a completely unauthorized act by the Director which, if proven as alleged, is wholly null and ought forthwith to be stricken down by the court, which itself must be open to afford every person adequate remedy for injury, administering justice without unreasonable delay, La.Const. art. 1 § 6. The haphazard possibility that some administrative agency might be able to afford an administrative remedy cannot close the courts.
We remain of the opinion that State v. Donelon, supra, a case of initial refusal of a building permit, is not controlling here.
The alternative writ heretofore issued is now made peremptory, and it is ordered that the respondent judge overrule the exception of no right or cause of action and proceed to hear the rule for preliminary injunction.
Writ made peremptory.