329 So.2d 209 (1976)
UPPER AUDUBON ASSOCIATION and Walter Chappell, III
v.
The AUDUBON PARK COMMISSION, Through its President, Clayton Nalrne, et al.
No. 7319.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Writ Refused June 2, 1976.
Sidney M. Bach, Vernon V. Palmer, New Orleans, for plaintiffs-appellants.
Stone, Pigman, Walther, Wittmann & Hutchinson, Phillip A. Wittman, S. Michael Henry, New Orleans, for defendants-appellees.
Baldwin, Haspel, Molony, Rainold & Meyer, New Orleans (Robert R. Rainold), New Orleans, for defendants-appellees.
Philip S. Brooks, City Atty., Henry W. Kinney, Asst. City Atty., for defendant-appellee.
*210 Before SAMUEL, STOULIG, and BEER, JJ.
BEER, Judge.
Plaintiffs-appellants, Walter Chappell, III and the Upper Audubon Association, filed this suit in Civil District Court for the Parish of Orleans against defendants-appellees, The Audubon Park Commission, Gervais F. Favrot Company, Inc., and the City of New Orleans, seeking to enjoin continued construction of a "curio" or gift shop in Audubon Park. They allege that the contract between the named defendants for construction of the shop was void because it violated Article 5, Section 25 of the Comprehensive Zoning Ordinance of 1970 of the City of New Orleans. The trial court sustained defendant-appellees' dilatory exception of Failure to Exhaust Administrative Remedies (Prematurity) foreclosing judicial action pending appellants' administrative appeal to the Board of Zoning Adjustments. From this judgment they devolutively appeal urging reversal for the following reasons:
1. The Board of Zoning Adjustments does not have jurisdiction to declare the construction contract void. Thus, the apparently applied doctrine of exhaustion of administrative remedies is not applicable. Dunn v. Parish of Jefferson, 242 So.2d 845 (La.App.4th Cir. 1971).
2. The doctrine of exhaustion of administrative remedies is not applicable where irreparable injury is claimed. O'Meara v. Union Oil Co. of Cal., 212 La. 745, 33 So.2d 506 (1947); State Board of Education v. Anthony, 289 So.2d 279 (La.App.1st Cir. 1973), writs denied, 292 So.2d 246; Michell v. Louisiana State Board of Optometry Examiners, 128 So.2d 825 (La.App.3rd Cir. 1961).
3. There is no statutory basis for requiring an appeal to the Board of Zoning Adjustments when relief is sought directly in the courts under circumstances similar to those here existent. Comprehensive Zoning Act, Article 13, Section 4; Parish of Jefferson v. Groetsch, 256 So.2d 722 (La.App.4th Cir. 1972); City of New Orleans v. Langenstein, 91 So.2d 114 (Orl.App.1956).
Looking beyond the validity vel non of these contentions we are faced with the serious question of whether or not this court (or the district court on remand) is able to render appropriate relief in view of the present status of this litigation and the actual facts of the case.
The permit for construction of the building in question was issued to Gervais Favrot Company, Inc., on January 10, 1975. Plaintiffs first complaint was by letter of April 23, 1975. When they filed suit on May 29, 1975 the structure was, apparently, about fifty percent complete. In brief (filed October 20, 1975) the defendants-appellees make note that the building is ninety-five percent complete. At the argument of the matter before us on February 9, 1976 able and cooperative counsel for all litigants stipulated that the building is now totally complete and that ninety percent of the contract cost of same has been paid, the remaining ten percent being held for "punch list" completion of the usual odds and ends that are required in most construction jobs of this size. What relief, then, is judicially available to appellants should this court agree with their contentions?
As a general rule, it is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. City of Lake Charles v. Nope, 92 So.2d 144 (La.App.1st Cir. 1957); Guste v. Louisiana Milk Commission, 297 So.2d 750 (La.App.1st Cir. 1974).
In the practice of judicial economy we have the duty to consider the possibility that a case has become moot. Behler v. Louisiana State Racing Comm., 251 La.
*211 959, 207 So.2d 758 (1968). LSA-C.C.P. Article 2164.
In Verdun v. Scallon Bros. Cont., Inc., 263 La. 1073, 270 So.2d 512 (1972) the district court granted plaintiff injunctive relief prohibiting excavation by defendant of mud located on plaintiff's land. An appeal was taken by defendant but excavation continued during appellate review. By the time the case reached the Supreme Court, excavation was completed. The court observed:
"In such circumstances, the matter is now moot, as this Court will not review a case where only injunctive relief is sought when the need for that relief has ceased to be a justiciable issue. Injunction may be used to prevent but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done."
Advisory opinions were disdained by the Supreme Court in Verdun, supra, and are not allowed under the Uniform Declaratory Judgment Act. Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971). The building is completed. Thus, an appeal to us to declare void the contract forming the basis for its construction would be "an abstract proposition from which no practical result can follow." Lake Charles, supra.
We have made a careful review of this entire record including all of the pleadings which form a part thereof and are convinced that the only issue properly before us at this time is the correctness of the trial court's action in maintaining the exception of Failure to Exhaust Administrative Remedies (Prematurity). Since that issue has become moot this appeal is no longer viable and should be dismissed.
We do acknowledge the diligent efforts of counsel for appellants in pointing out the unresolved zoning dispute which arises with respect to Article 5, Section 25.3(2)(e) et seq. of the Comprehensive Zoning Ordinance for the City of New Orleans. The interpretation of this provision will, we agree, have an effect on the subsequent use to be made of the building that has now been, for all practical purposes, completed.
But the determination of this and all related matters must necessarily await the final resolution and disposition of that presently pending litigation on the docket of the Civil District Court, Parish of Orleans bearing Number 597-881.
This appeal, no longer viable in connection with any of the issues raised therein, is dismissed. Each party to bear its own costs.
Appeal dismissed.