461 So.2d 574 (1984)
A.J. SCHMITT, Jr.,
v.
The CITY OF NEW ORLEANS, Honorable Ernest N. Morial, Mayor, Honorable Evelyn Pugh, Director of Safety & Permits City of New Orleans.
No. CA-3007.
Court of Appeal of Louisiana, Fourth Circuit.
December 18, 1984.
Rehearing Denied January 7, 1985.
Writs Denied March 8, 1985.
A.J. Schmitt, Jr., M.W. Mathes, Schmitt & Mathes, New Orleans, for plaintiff-appellee.
Salvador Anzelmo, City Atty., Karen Milner, Deputy City Atty., New Orleans, for defendants-appellants Mayor Ernest N. Morial and Evelyn Pugh, Director of Safety and Permits.
Okla Jones, II, Jones, Nobonne & Wilkerson, New Orleans, for defendant-appellant City of New Orleans.
*575 Before GARRISON, BARRY and LOBRANO, JJ.
BARRY, Judge.
Defendants appeal a writ of mandamus ordering the City of New Orleans and its Director of Safety and Permits to issue two C-1 building permits to plaintiff. The issue is whether plaintiff's applications should be governed by C-1 or C-1A zoning.
Plaintiff owns 1403 and 1429 St. Charles Ave. which were zoned C-1. In September 1982 the City passed ordinances 8762 and 8764 which would have re-zoned the properties to the more restrictive C-1A. On February 17, 1984 the City Attorney issued an opinion letter pointing out various procedural defects and questioning the validity of the ordinances.
On February 22, 1984 plaintiff filed for C-1 permits to construct a Shoney's restaurant and Walgreen's drugstore (permitted uses). The applications were denied due to the C-1A classification which allows conditional use subject to City Council approval.
On March 15, 1984 the City Council passed ordinances 9741 and 9768 which attempted to correct ordinances 8762 and 8764 and re-enact the C-1A zoning. Ordinances 9741 and 9768 were challenged and the City Council, on May 17, 1984, adopted motions M-84-157 and M-84-158 which authorized the Planning Commission to reinitiate the entire zoning process in order to correct all defects in the attempted C-1A ordinances. Due to errors in public notices the motions were replaced by motions M-84-211 and M-84-213 on July 5, 1984.
Plaintiff filed this mandamus on August 6, 1984 to compel issuance of the C-1 permits. The trial court granted mandamus, holding that the C-1A ordinances were invalid. We affirm.

EXCEPTION OF PREMATURITY
Defendants assign error to the denial of an exception of prematurity. They contend filing the mandamus was premature because plaintiff failed to exhaust his administrative remedies by not appealing to the Board of Zoning Adjustments.
Plaintiff concedes he did not appeal, but maintains to have done so would have been a "vain and useless" act and caused irreparable injury.
La.R.S. 33:4727 confers upon local governments the authority to create a Board of Zoning Adjustments and C(3)(a) provides that the Board shall have authority:
To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of R.S. 33:4721 through R.S. 33:4729 or of any ordinance adopted thereto.
Pursuant to R.S. 33:4727, the City of New Orleans Home Rule Charter, Section 4-704(2)(b), created a Board of Zoning Adjustments whose function is to:
Hear and decide appeals where it is alleged there is an error in any order, requirement, decision, or determination made by an administrative official in the enforcement of the zoning ordinance of the City.
Ordinance 4264 of the Comprehensive Zoning Ordinance at Article XIII, Sections 8, 12, and 16 codifies the appeals procedure:
Section 8. Appeals from Error
The Board shall hear and decide appeals when it is alleged there is error in any order, requirement, decision, or determination made by the Director of Safety and Permits in the enforcement of this Ordinance.
Section 12. Decisions of the Board
In exercising the above mentioned powers the Board may, in conformity with the provisions of this Article, reverse or affirm wholly or partly, or may modify the order, requirement, decision, or determination appealed from and may make such other order, requirement, decision, or determination as ought to be made, and to that end shall have all the *576 powers of the Director of Safety and Permits....
Section 16. Appeal to Courts
Any person or persons, or any officer, department, commission, board, bureau, or any other agency of the City of New Orleans jointly or singularly aggrieved by any decision of the Board of Zoning Adjustments may present to the Civil District Court of the Parish of Orleans, within thirty (30) days after the filing of the decision in the office of the Board, a writ of certiorari asking for such relief and under such rules and regulations as are provided for such matters in appropriate legislation of the State of Louisiana.
These provisions set out the procedures for enforcement of the city's zoning ordinances. However, the Board of Zoning Adjustments has no authority to consider or make a decision on the validity of a zoning ordinance.
In Dunn v. Parish of Jefferson, 242 So.2d 845 (La.App. 4th Cir.1971), we held where the Board of Zoning Adjustment has no authority to address an issue on appeal, the aggrieved party may institute a direct action in district court. In Dunn the plaintiff obtained a permit which was later revoked by the Safety Director. The plaintiff filed a mandamus in district court without first appealing to the Board of Zoning Adjustment. In holding the plaintiff need not exhaust administrative remedies before seeking relief in district court, we said:
Plaintiff's allegations here, of revocation without notice or hearing, is an allegation of an attempted revocation not authorized by the Code and therefore not in enforcement of the Code. In our opinion, regardless of whether the Board of Standards and Appeals might have accepted an appeal from this attempted revocation if filed within the 15-day period allowed by Art. 402, plaintiff's petition asserts a completely unauthorized act by the Director which, if proven as alleged, is wholly null and ought forthwith to be stricken down by the court, which itself must be open to afford every person adequate remedy for injury, administering justice without unreasonable delay, La. Const. Art 1 § 6. The haphazard possibility that some administrative agency might be able to afford an administrative remedy cannot close the courts. Dunn v. Parish of Jefferson, supra at 846.
Likewise, in Hardy v. Mayor and Board of Aldermen, City of Eunice, 348 So.2d 143 (La.App. 3rd Cir.1977), the court held that where there is no provision in the state statutes or local ordinances which empowers the Board of Zoning Adjustment to consider or rule on the validity of a change in the classification of property under a zoning ordinance, plaintiff's remedy is in district court.
Defendants cite State ex rel Bert Leasing Corporation v. Donelon, 173 So.2d 24 (La.App. 4th Cir.1965), but that plaintiff did not attack the validity of a zoning ordinance, only the denial of a building permit. That Board of Zoning Appeals, unlike the Board in our case, had authority to decide the appeal.
It is clear the Board of Zoning Adjustments has no authority to decide the validity of an ordinance in its enforcement of the city's comprehensive zoning ordinances pursuant to City of New Orleans Home Rule Charter, Section 4-704(2)(b) and ordinance 4264 M.C.S. Article XIII, Section 8. Therefore, plaintiff's recourse was this lawsuit in district court. The prematurity exception was properly overruled.

VALIDITY OF 1982 ORDINANCES
Defendants contend the trial court erred by holding ordinances 8762 and 8764 invalid.
The cogent reasons for judgment explain:
In 1982, Ordinance No. 8762 attempted to amend the 1970 Comprehensive Zoning Ordinance to provide for a new zoning district known as C-1A, General Commercial District. However, nowhere in the preamble of that ordinance is it mentioned what ordinance, article, or section *577 is to be amended. That defect is fatal to the efficacy of the ordinance.
In 1982, Ordinance No. 8764 was enacted to reclassify C-1 zoning to C-1A zoning. Although Ordinance No. 8764 is proper in form, it is without effect of law because C-1A did not exist. The evidentiary opinion of the city attorney supports this conclusion.
Furthermore, the New Orleans Home Rule Charter requires that notice of the introduction of an ordinance "shall" have been published not less than two weeks after its introduction. The ordinances were introduced on August 5, 1982. Notice was not published until August 23, 1982, more than two weeks later. This deficiency also renders the ordinances null and void.
Defendants contend the trial court's conclusions sacrifice substance for form. They argue municipal legislative acts are presumed to be valid and should be interpreted to sustain validity if susceptible to reasonable interpretations. City of Shreveport v. Curry, 357 So.2d 1078 (La. 1978); Gurst v. City of Natchitoches, 428 So.2d 502 (La.App. 3rd Cir.1983).
While the validity of municipal legislative acts is presumed, it is equally true that zoning laws are in derogation of the rights of private ownership. Smith v. City of Alexandria, 300 So.2d 561 (La.App. 3rd Cir.1974); Roberts v. Jefferson Parish Council, 235 So.2d 131 (La.App. 4th Cir. 1970). As a result, our courts have consistently required strict compliance with the statutory procedures regulating enactment of zoning laws. De Latour v. Morrison, 213 La. 292, 34 So.2d 783 (La.1948); State ex rel Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502 (1932); Kirk v. Town of Westlake, 421 So.2d 473 (La.App. 3rd Cir.1982). Failure to comply with such procedures is fatal to the validity of the zoning ordinance. State ex rel Chachere v. Booth, 196 La. 598, 199 So. 654 (1940); State ex rel Shaver v. Mayor and Councilmen of Town of Coushatta, 196 So. 388 (La.App. 2nd Cir.1940).
Under these facts the trial judge did not err in declaring ordinances 8762 and 8764 void. Section 3-112(5) of the Home Rule Charter of the City provides that a proposed zoning ordinance shall not be adopted until notice of the introduction of such proposed ordinance shall have been published in the official journal of the city not less than one week nor more than two weeks after the introduction of the proposed ordinance. The record shows that 8762 and 8764 were introduced on August 5, 1982. The required notices were published on August 23, 1982eighteen days later. Publication more than two weeks after introduction of the ordinances was a clear violation of Section 3-112(5).
Zoning ordinances with similar procedural defects have been judicially voided. In State ex rel Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502 (1932) a zoning ordinance was held void because it was published less than thirty days as required by statute. Similarly, in Breaux v. Town of Oberlin, 247 So.2d 195 (La.App. 3rd Cir.1971) a zoning ordinance was declared invalid where fourteen days had lapsed between the first public notice and its hearing date, instead of the mandated fifteen days.
The provisions of Section 3-112(5) are clear and unambiguous. Failure to comply renders ordinances 8762 and 8764, M.C.S. void.
Other fatal procedural infirmities as to 8762 and 8764 exist (as noted in the reasons), however, it is unnecessary to discuss them.

VALIDITY OF 1984 ORDINANCES
Defendants contend the trial court erred by holding ordinance 9741 (enacted March 15, 1984) contained procedural defects which "could render" it void, and even if valid could not be applied retroactively to deny the permits requested February 22, 1984. Defendants also maintain it was error to conclude that a pending council motion authorizing a zoning study was legally insufficient to deny the permits.
*578 Plaintiff argues that 9741 is deficient in three respects: (1) it was altered to delete a grandfather clause from the final ordinance in violation of Section 3-112(3) of the Home Rule Charter, (2) the ordinance was not referred to the City Planning Commission for public hearing, study, and report in accordance with La.R.S. 33:4721-4726 and ordinance 4264 M.C.S., Art. 15, (3) the public notice of introduction does not state its substance in violation of Section 3-112(5) of the Home Rule Charter.
We find ordinance 9741 (and companion 9768) invalid for lack of referral to the City Planning Commission and pretermit the other alleged defects.
La.R.S. 33:4721-4726 and ordinance no. 4264 M.C.S., Art. 15, set forth exact statutory procedures for the amendment of zoning ordinances. Under 4264 M.C.S. Art. 15, upon introduction of an ordinance seeking to amend a zoning ordinance, the proposed ordinance must be referred to the City Planning Commission which shall hold a public hearing. Notices of the proposed change and the time and date of the hearing must be published once a week for three consecutive weeks. At least twenty days must lapse between the first publication and the date of the hearing. A printed notice must be posted for not less than twenty consecutive days prior to the hearing on signs of a designated size placed on each street adjoining the area affected. The signs must give an accurate statement of the proposed change. After the hearing, the Planning Commission must submit its report and recommendations to the Clerk of the City Council. The City Council cannot take any action until the Planning Commission's report has been received.
In a similar vein, La.R.S. 33:4725 and 4726 evidence the state's requirements for public hearing and official notice which apply equally to all amendments of a zoning code. La.R.S. 33:4726 sets out the same basic requirements as 4264, M.C.S., Art. 15: public hearing, notice thereof published three times with at least ten days between the first publication and date of hearing, and report of findings and recommendations by the planning commission to the municipality's legislative body which may not take action until receipt of the final report of the commission.
It is admitted that ordinance 9741 was not referred to the city planning commission for public hearing. Instead, the City Council attempted to avoid the prescribed process by using the 1982 report (on ordinances 8762 and 8764).
Ordinance 9741 was a new and separate ordinance. Local and state law requires it be referred to the Planning Commission. La.R.S. 33:4726 and ordinance 4264, Art. 15 evince a strong policy for preserving to the landowner and neighbors every opportunity to a current public hearing. 9741 should not have been adopted on the coattails of the invalid 1982 ordinance. To do so is impermissible causing ordinances 9741 and 9768 to be ipso facto void.

NO RIGHT OF ACTION
Defendants exception of no right/no cause of action is based on the pending Motion M-84-211 (purporting to reenact for the third time the C-1A zoning). Defendants submit even if all of the ordinances were void, the pending City Council motion was sufficient to deny the permits.
In other words, defendants argue that one does not have a vested right in a zoning classification. Accordingly, when an amendment to a zoning ordinance, under which the proposed use would be prohibited, is "pending", the permit may be delayed or denied.
Defendants cite numerous common law authorities; however, in Louisiana a writ of mandamus ordering the issuance of a building permit shall be granted when no valid ordinance prohibiting the issuance of said mandamus is in effect at the time of the district court's judgment. State ex rel Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502 (1932); State ex rel Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177 (1945); State ex rel Romero v. Viator, 217 La. 239, 46 So.2d 256 (1950). As we held above, at the time mandamus was issued, *579 there was no valid ordinance to support C-1A zoning.
Finally, defendants filed a motion to allow additional evidence into the record, and alternatively, for remand. They allege following trial, the City Council, on October 4, 1984, passed ordinances 10090 and 10091 which created C-1A zoning. Defendants claim we are governed by the ordinances which are in force at the time of this decision.
State ex rel. Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502 (1932) involved an analogous situation. The district court granted mandamus and ordered issuance of a permit because the ordinances relied on for denial of the permit were invalid. Mandamus was appropriate because the prohibitory ordinances were void at the time of the district court judgment.
After the district court judgment in Holcombe, the City adopted another ordinance to prohibit the construction which plaintiff was entitled to pursuant to the mandamus. The Supreme Court held that an ordinance enacted after the district court granted mandamus had no effect on the appeal from the mandamus. The court stated: "there is no good reason why a case of this kind should be remanded or reopened whenever the municipality adopts another ordinance ..." State ex rel. Holcombe v. City of Lake Charles, supra, 144 So. at 504. See also Moncla v. City of Lafayette, 241 So.2d 307 (La.App. 3rd Cir.1970).
Holcombe is applicable here. Ordinances 10090 and 10091 have no affect on this appeal and the motion to admit them into the record is denied.
The judgment is affirmed.
AFFIRMED.