416 So.2d 209 (1982)
WES-T-ERRE DEVELOPMENT CORPORATION
v.
The PARISH OF TERREBONNE, Through the POLICE JURY OF the PARISH OF TERREBONNE, Louisiana.
No. 14800.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Rehearing Denied July 13, 1982.
*211 Robert J. Prejeant, Houma, for plaintiff and appellant.
A. D. O'Neal, Sr., Charles Gary Blaize, Houma, for defendant and appellee.
Before LEAR, CARTER and LANIER, JJ.
CARTER, Judge.
This is a suspensive appeal by Wes-T-Erre Development Corporation (Wes-T-Erre) from a judgment denying Wes-T-Erre an injunction against the Terrebonne Parish Police Jury.
Wes-T-Erre asked for a temporary restraining order and preliminary injunction and perpetuation of a preliminary writ of injunction directed to the Parish of Terrebonne through the Police Jury of the Parish of Terrebonne, Louisiana, restraining, enjoining, and prohibiting the defendant, its agents, employees, and all of the persons, firms, or corporations acting or claiming to act on behalf of the Police Jury from blocking, destroying, or in any way interfering with the use of the driveway located on the northern portion of Gaylord Plaza Shopping Center at its intersection with Idlewild Drive.[1] Attached to the petition was a copy of a letter from the police jury dated January 20, 1981, which stated that the jury refused to grant a permit to Wes-T-Erre to construct the driveway and that a resolution had been passed on September 24, 1980, by the police jury and in the presence of representatives of Wes-T-Erre, authorizing the Department of Public Works to resist construction of the driveway and directing the permit committee of the police jury to continue to resist granting a permit. The letter further stated that unless Wes-T-Erre removed the driveway within ten (10) days from receipt of the letter, the police jury would remove it and send the bill for removal to Wes-T-Erre. The temporary restraining order was granted and subsequently extended. Judgment was rendered denying the preliminary injunction on May 7, 1981.

FACTS
Wes-T-Erre, a wholly owned subsidiary of Grand Caillou Packing Company (Grand Caillou), bought the property on which the shopping center is located from Grand Caillou on November 3, 1972. At that time the northern boundary of the property was totally located along Idlewild Subdivision, and Idlewild Drive did not border the property. Two entrances to the shopping center were constructed on West Park Drive[2] which borders the shopping center on the west.
On November 6, 1972, Wes-T-Erre sold to Grand Caillou a parcel of land known as Parcel 21-1 (land comprising the present location of Idlewild Drive). On November 9, 1972, Grand Caillou sold Parcel 21-1 to the State of Louisiana. After the sale, *212 Idlewild Drive[3] was realigned to run generally east-west and to meet the Edward Street Bridge which runs generally east-west on the west side of West Park Drive. Idlewild Drive and the shopping center are on the eastern side of West Park Drive. West Park Drive is a one-way street going north. The realignment of Idlewild Drive caused it to run along the northern border of the shopping center. Part of the relocated Idlewild Drive was constructed on Parcel 21-1, and it is at this point (where Idlewild Drive crosses Parcel 21-1) that the driveway in dispute was constructed.
In 1978, Wes-T-Erre opened a third access onto West Park Drive. This access was close to the intersection of West Park and Idlewild, and created a dangerous traffic situation because persons who wanted to enter the shopping center from the Edward Street Bridge often proceeded against traffic for a short distance to use this access. Wes-T-Erre agreed with the police jury and the State Highway Department that the access should be closed. There was a general understanding that Wes-T-Erre would then try to get property rights to establish another access off of Idlewild Drive at approximately 100 to 150 feet from the intersection of Idlewild Drive with West Park Avenue. Wes-T-Erre was not able to negotiate a purchase of land or right of way at that location. On or about September 24, 1980, Wes-T-Erre attempted to construct the driveway approximately 47 feet from the intersection of Idlewild Drive with West Park Drive.
On September 24, 1980, the Terrebonne Parish Police Jury duly passed and adopted the following resolution:
RESOLUTION
WHEREAS, Wes-T-Erre Development Corporation, a shopping center commonly known as "Gaylords Shopping Center" has applied for a permit to construct a driveway connecting said shopping center with Idlewild Drive near where said Idlewild Drive intersects Louisiana Highway 659, and
WHEREAS, there already exists a dangerous situation at the intersection of State Highway 659 and Idlewild Drive; and
WHEREAS, the citizens living on Idlewild Drive have overwhelmingly expressed opposition to the opening of said driveway onto Idlewild Drive; and
WHEREAS, the Police Jury of Terrebonne Parish is convinced that it would not be in the best interest of the citizens of Terrebonne Parish to allow the opening of the driveway as requested by Wes-T-Erre Development Corporation; and
WHEREAS, the Police Jury deems it to be dangerous and hazardous and involving the safety of the citizens of Terrebonne Parish and concurring with the opposition to allowing said driveway construction.
NOW, THEREFORE, BE IT RESOLVED that upon recommendation of legal counsel, the Terrebonne Parish Police Jury rejects the application of Wes-T-Erre Development Corporation for the construction of said driveway and directs the Terrebonne Parish Department of Public Works, as well as the Permit Committee of the Terrebonne Parish Police Jury, to deny said application and resist the installing of the proposed driveway, and that Wes-T-Erre Development Corporation restore proposed driveway to its original state.
There is nothing in the record to show that the Terrebonne Parish Police Jury ever had in effect a general ordinance regulating the construction or location of driveways or other means of access to parish roads. Further, there is nothing in the record to show that the police jury had an established procedure to apply for and obtain a permit to establish a private drive or access to parish roads.
*213 Wes-T-Erre proceeded to construct the access over and across Parcel 21-1 (property now belonging to the State of Louisiana) connecting it with Idlewild Drive.[4] The driveway was completed on or about January 19, 1981, and on January 20, 1981, the police jury sent a certified letter to Mr. Lapeyre, Vice-President of Wes-T-Erre, demanding removal of the driveway. On February 3, 1981, Wes-T-Erre filed this suit for injunction.
Wes-T-Erre filed a supplemental and amending petition claiming that the police jury should be estopped from removing the driveway because of certain representations of an individual member or members of the police jury. Wes-T-Erre claimed that there was no ordinance regulating driveway construction in the parish and that the ordinance the police jury relied on, a drainage ordinance found in Section 7-20 of the Parish Code (said Section having been codified from Ordinance No. 1933, Section 5) is, in fact, not applicable to driveway construction. In the alternative, Wes-T-Erre claimed that if Section 7-20 was applicable, then Wes-T-Erre had complied with the Section.
Wes-T-Erre further claimed that the September 24, 1980 resolution was without legal effect because a resolution does not have the force and effect of law. Finally, Wes-T-Erre alleged that if the resolution and the drainage ordinance were found to be applicable, then both were unconstitutional.
The trial judge found that Wes-T-Erre was not granted a permit to construct the driveway and that the police jury acted within its police power to provide for the safety of the public. He further found that all resolutions and ordinances adopted by the police jury were in proper execution of its police power and were not arbitrary or discriminatory and therefore not unconstitutional.
The trial court found that the following statutes were passed recognizing that public safety required that there be one governing and controlling authority concerning highways and roads in the parish road system and that that authority logically is placed with the police jury.
La.R.S. 33:1236 in part provides:
The Police Juries shall have the following powers:
- - -
"(20) To pass all ordinances and regulations which they deem necessary to govern and regulate the laying out of subdivisions, re-subdivisions, roads, streets, alleys, ways, subways, viaducts, bridges, parks, parkways, boulevards, playgrounds, community centers and other public buildings, grounds, or improvements, and the location, relocation, widening, removal, vacation or extension or other improvements of such existing public works; the plating of land into lots, roads, streets, and other dedicated or private ways; the location, re-location, development, routing and re-routing of transit and transportation line, which in the opinion of the Police Jury are in the interest of the systematic planning of the parish ...."
"(28) To enact ordinances regulating the traffic on all public roads outside of incorporated municipalities and within recognized subdivision other than state constructed and maintained streets and highways, including but not by way of limitation the right to establish speed limits and speed zones, to regulate the parking of vehicles, to establish rules and regulations for the movement of traffic, including the designation of one way streets, and for such other similar rules and regulations; ..."
La.R.S. 48:481 provides as follows:
"Parish governing authorities may pass all ordinances which they think necessary relative to roads, bridges, and ditches and may impose such penalties to enforce them as they think proper."
La.R.S. 48:512 provides as follows:

*214 "No person shall close, obstruct, or change any legal road except upon order of the governing authority of the parish.
If any public road is closed, obstructed, or changed in violation of the provisions of this section, the governing authority of the Parish shall summarily open the road, remove all obstructions therefrom, and restore to its former condition, at the expense of the person who closed, obstructed or changed the road."
The trial judge concluded that Idlewild Drive was a legal road within the parish system in accordance with La.R.S. 48:512, and that Wes-T-Erre by constructing the driveway from the shopping center to Idlewild Drive changed the public road (Idlewild Drive) within the meaning and intention of the legislature as expressed in La. R.S. 48:512 which provides that when such change occurs the governing authority of the parish shall summarily restore the road to its former condition at the expense of the person who made the change.
Wes-T-Erre has appealed and assigns ten assignments of error. Appellant contends that the trial court erred as follows: 1) in inferring that the driveway was unsafe; 2) in holding that the police jury's actions and enactments were constitutional; 3) in its overall finding that the police jury had validly exercised the authority it had under state statutes to regulate driveway construction; 4) in relying upon LSA-R.S. 33:1236(20), (28) and R.S. 48:481 as authority for the police jury to regulate the driveway in question because these statutes require the jury to pass an Ordinance before it can regulate the activities described in the statutes; 5) in relying upon LSA-R.S. 48:512 as authority for the Terrebonne Parish Police Jury to regulate the driveway in question because this statute is clearly inapplicable to this situation; 6) in relying on Section 7-20 of the Parish Code of Terrebonne Parish because this Ordinance deals solely with obstruction of drainage and there was no evidence showing the driveway blocked drainage in any fashion; 7) in its obstensible finding that Wes-T-Erre was obligated to get a Court order before constructing the driveway and in its finding that Wes-T-Erre resorted to self-help in building the driveway; 8) in finding that the police jury was not estopped from opposing the driveway; 9) in refusing to allow the testimony of two witnesses dealing with representations made to a Wes-T-Erre officer concerning construction of the driveway; and, 10) in inferring that a restriction in an act of sale prevented the driveway from being built.

ASSIGNMENTS OF ERROR NOS. 1 and 2
The police power is a power inherent in every governing authority to govern men and things and, within constitutional limits, to prescribe regulations for the promotion of public health, safety, morals, and general welfare. Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3rd Cir. 1973), writ refused 277 So.2d 673 (La.1973). Kotch v. Board of River Port Pilot Com'rs., 209 La. 737, 25 So.2d 527 (1946), affirmed 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093, rehearing denied 331 U.S. 864, 67 S.Ct. 1196, 91 L.Ed. 1869; Fernandez v. Alford, 203 La. 111, 13 So.2d 483 (1943).
La.Const. art. 6, § 9 provides as follows:
(A) Limitations. No local governmental subdivision shall (1) define and provide for the punishment of a felony; or (2) except as provided by law, enact an ordinance governing private or civil relationships.
(B) Police Power Not Abridged. Notwithstanding provision of this Article, the police power of the state shall never be abridged.
The test of whether an ordinance or regulation is a constitutionally valid exercise of police power depends on whether, under all circumstances, the regulation is reasonable and whether it is designed to accomplish a purpose properly falling within the scope of the police power. Hi-Lo Oil Company v. City of Crowley, supra; Reynolds v. Louisiana Board of Alcoholic Bev. Con., 249 La. 127, 185 So.2d 794 (1965).
As long as the act of the governing body is valid and constitutional, the name *215 given to the act, whether ordinance or resolution, is immaterial. See Merchant v. Fuselier, 365 So.2d 854 (La.App. 3d Cir. 1978), writ refused 368 So.2d 137 (La.1979).
The court in the Hi-Lo Oil Company case set forth the appropriate analysis to be used in determining the validity of an ordinance. It stated the following:
"The ordinance should be upheld if any set of facts can be conceived from which it could be concluded that there is reasonable relationship between its provisions and the public health, safety, morals or general welfare. Everhardt v. City of New Orleans [253 La. 285, 217 So.2d 400], supra. In order to justify a holding that the legislative action is arbitrary, unreasonable or unnecessary, it must be shown that there was no room for a reasonable difference of opinion, and that there was no substantial evidence upon which the legislative action could have been justified. Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2 Cir. 1960); Archer v. City of Shreveport, 85 So.2d 337 (La.App. 2 Cir. 1956).
. . . . .
"In order that a city ordinance may be sustained as the legitimate exercise of the city's police power, however, the legislation must have for its object the prevention of some offense or manifest evil, or the preservation of the public health, safety, morals or general welfare. The exercise by the city of its police power must have a substantial basis if it is to be upheld. The purported exercise of that power cannot be made a mere pretext for legislation that does not fall within it. There must be some substantial connection between the purpose of the regulation and the provisions of it, and the provisions must in some appropriate manner be designed for and tend toward the accomplishment of the legitimate objects for which the power is exercised. City of New Orleans v. Southern Auto Wreckers, 193 La. 895, 192 So. 523 (1939); Schwegmann Bros. v. Louisiana Board, Etc., 216 La. 148, 43 So.2d 248 (1949); City of Lake Charles v. Hasha, 238 La. 636, 116 So.2d 277 (1959); Arkansas Louisiana Gas Company v. Louisiana Department of Highways, 104 So.2d 204 (La.App. 2 Cir. 1958)."
Further, an ordinance, like an act of the legislature, is presumed to be constitutional, and the party attacking it has the burden of establishing by clear evidence that the ordinance is unconstitutional. Hi-Lo Oil Company v. City of Crowley, supra. Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1969); Hunter v. City of Shreveport, 216 So.2d 140 (La.App. 2d Cir. 1968), writ refused, 253 La. 323, 217 So.2d 414 (1969).
Considerable testimony at trial of this case related to the safety problems posed by the proximity of the driveway to the intersection of Idlewild Drive and West Park Drive. There was expert witness testimony as to possible hazardous situations which may arise because of the location of the driveway.
Courts are concerned only with the question of whether the governing authority acted within the scope of its police power and whether such action was unreasonable, arbitrary, or oppressive. Scott v. City of West Monroe, 95 So.2d 343 (La.App. 2d Cir. 1957).
Further, a court will not set up its judgment against that of the governing authority as to the method employed to accomplish a legitimate object unless the method is clearly unreasonable. The method employed need not necessarily be the best. Hi-Lo Oil Company v. City of Crowley, supra.
The police jury found that there would be a hazardous situation caused by the location of the proposed driveway, and it acted within its police power to protect the safety of the traveling public by passing a resolution prohibiting construction of the driveway. Though the trial judge did not make a specific finding as to safety, he did find that all resolutions and ordinances adopted by the police jury were in proper execution of its police power and were not arbitrary or discriminatory and were not *216 unconstitutional. There was ample evidence and testimony before him on which to base these conclusions. We must assume that because he did not find the police jury's acts to be arbitrary or discriminatory that he did see a need for the resolution passed. The record indicates that there was a reasonable factual basis for his conclusions, and this court cannot find that he was manifestly erroneous or clearly wrong. Thus, this court will not disturb his findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).

ASSIGNMENTS OF ERROR NOS. 3 and 4
Appellant contends that the trial judge erred in finding that the police jury had validly exercised its authority under Louisiana law to regulate driveways and further erred in relying upon LSA-R.S. 33:1236(20), (28) and R.S. 48:481.
Police juries are also vested with specific authority by the legislature to pass all ordinances relative to roads and may impose such penalties to enforce them as they think proper. La.R.S. 48:481. Specific powers are provided in La.R.S. 33:1236(20), (28).
It has long been recognized that police juries are vested with control over roads and streets in their system and may make reasonable regulations for their use and are only precluded from exercising that control in an arbitrary and discriminatory manner. Scott v. City of West Monroe, 95 So.2d 343 (La.App. 2d Cir. 1957); City of Baton Rouge v. Hutton, 218 La. 371, 49 So.2d 613 (1950); City of New Orleans v. Badie, 146 La. 550, 83 So. 826 (1920).
Regulating traffic on parish roads includes being able to determine on a reasonable basis whether a private driveway may connect with a parish road. This decision cannot be arbitrary.
Although not dealing specifically with the statutes applicable in the instant case, language in Herlitz v. City of Baton Rouge, 298 So.2d 140 (La.App. 1st Cir. 1974), writ refused, 302 So.2d 16, is appropriate.
In Herlitz, suit was filed to enjoin the city from demolishing an existing section of North Fifth Street adjacent to plaintiff's land and from constructing a public rest area or "mini-park" where the street formerly was located. The court denied the injunction and said the following:
"He (Chief Engineer of the Department of Public Works) denied that plaintiffs would be arbitrarily denied ingress to or egress from their property from North Fifth Street.1 Such driveway as might be required would be granted or denied depending on the type of permit desired and whether such ingress or egress constituted a traffic hazard. We deem this decision on appellees part to be within the police power granted to a municipality in the control and authority vested in it relating to the installation, maintenance, relocation, and supervision of public streets."
"1 Plaintiffs still retain 76 feet front on the south side of Convention Street."
We find that the resolution passed by the Terrebonne Parish Police Jury was a valid exercise of its police power and was under authority granted it by legislature.
The resolution passed in this case was passed at about the same time Wes-T-Erre began construction of the driveway. In Hi-Lo Oil Company v. City of Crowley, supra, the court said, "The law is settled that the owner of city property holds that property at all times subject to the lawful exercise of the police power of that municipality, and that an ordinance adopted by the city in the legitimate exercise of its police power will not be decreed to be void simply because it restricts the use of some improvements which the owner had lawfully constructed on the property prior to the adoption of that ordinance. See Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643; City of Shreveport v. Kansas City, S & G. Ry. Co., 167 La. 771, 120 So. 290 (1929); City of Shreveport v. Kansas City Southern Ry. Co., 193 La. 277, 190 So. 404 (1939); State *217 ex rel. Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177 (1945); Ransome v. Police Jury of Parish of Jefferson, 216 La. 994, 45 So.2d 601 (1950)...."

ASSIGNMENT OF ERROR NO. 5
Appellant is correct that La.R.S. 48:512 prohibiting a person from changing a public road is not applicable to facts herein presented. However, because of our reasoning as set forth above, it is unnecessary to consider this assignment of error.

ASSIGNMENT OF ERROR NO. 6
The record contains no evidence concerning the applicability of Section 7-20 of the Terrebonne Parish Code. Because the judgment is affirmed on other grounds, this assignment of error will not be discussed.

ASSIGNMENTS OF ERROR NOS. 8 and 9
Appellant contends that the trial court erred in finding that the police jury was not estopped to oppose the driveway and further erred in refusing to allow the testimony of two police jurors concerning a conversation with Mr. Lapeyre of Wes-T-Erre. Appellant concedes that a police juror acting alone or in unison with another member or members, without a proper meeting, cannot obligate a political body to an affirmative or binding course of action. The essence of the plea of estoppel is that Wes-T-Erre voluntarily agreed to close one of the three driveways originally entering into West Park Drive at the request of the police jury and the Louisiana Department of Highways. It was Wes-T-Erre's understanding that the individual police jurors would not oppose the driveway in question.
Mr. Duet and Mr. Glover were the police jurors who had certain meetings with Mr. Lapeyre of Wes-T-Erre and whose testimony was objected to on the trial of the matter. Clearly, any representations that an individual juror might have made to Wes-T-Erre were without apparent authority. A police jury can only act as a body and not individually. Their testimony was hearsay and was properly excluded. Neither Glover nor Duet are parties litigant in this proceeding and were not and could not have been acting in an official capacity. The hearsay objection was properly sustained.
The record does not reveal any affirmative action on behalf of the police jury or by any duly authorized member or representative of the police jury as concerns the trading of one drive for another. If appellant had obtained a resolution of the police jury, setting forth that in return for the closing of one drive another drive in the approximate location of the one in question would be allowed, a different situation would be presented. However, such is not the case.

ASSIGNMENTS OF ERROR NOS. 7 and 10
Assignments of error nos. 7 and 10 are not relevant to a correct determination of the issue on appeal and therefore will not be discussed.
For the above reasons the decision of the trial court is affirmed. All costs are to be paid by appellant.
AFFIRMED.
NOTES
[1] Wes-T-Erre is the owner of the Gaylord Plaza Shopping Center.
[2] West Park Drive is Louisiana Highway 659.
[3] Idlewild Drive is a part of the parish road system under the direction and responsibility of the Terrebonne Parish Police Jury.
[4] The trial judge found that Wes-T-Erre knew of the resolution passed by the police jury at the time construction was begun.