Dear Mayor Coleman:
This office is in receipt of your request for an opinion of the Attorney General in regard to an ordinance relative to power and limitations upon the power of the Trustees of the Town of Jackson. Specifically to the application of Ordinance No. 141, codified as Sections 10.30-10.37 of the Town of Jackson Code. The Ordinance states:
10.30 Weeds; prohibition
 Except as otherwise provided herein, no person owning or occupying any property within the limits of the Town of Jackson shall permit any weeds, grass or other vegetation, not edible or planted or maintained for some useful or ornamental purpose, to grow or remain upon the premises so as to exceed a height of 20 inches, or to throw off any unpleasant or noxious odor, or to conceal any filthy deposit upon such property. Any grass, weeds or other vegetation growing upon any premises in the Town in violation hereof is declared to be a nuisance.
10.31 Exception for tracts of 10 acres or more
 The provisions of Section 1 above shall not apply to any tract of land containing 10 acres or more, except as to those portions of such tracts located within 50 feet of any residence.
10.32 Vegetation on public rights of way
 No person owning or occupying any property within the limits of the Town of Jackson shall permit any trees, hedges, bushes or shrubbery, of whatsoever kind or nature, to grow or remain upon the premises, or in the area between the sidewalk and curb abutting the premise so as to encroach upon the adjoining sidewalks, streets, highways, or alleys in a manner as to interfere with pedestrians or vehicular traffic lawfully using the sidewalks, streets, highways or alleys, or in a manner as to restrict the clear view of vehicular traffic using the streets, highways or alleys. Any trees, hedges, bushes or shrubbery growing upon any premises in the Town or in the area between any sidewalk and curb abutting any premises, in violation of any of the provisions of this chapter is hereby declared to be a nuisance and detrimental to the health, welfare and safety of the inhabitants of the Town.
10.33 Removal or trimming of vegetation
 The owner of any premises, in the case of vacant premises or premises occupied by the owner, and the owner and the occupant thereof, in the case of premises occupied by other than the owner thereof, shall remove, trim or cut all grass, weeds or other vegetation growing or remaining upon the premises and shall remove, trim or cut all trees, hedges, bushes or shrubbery, of whatsoever kind or nature, growing or remaining upon the premises, or in the area between the sidewalk and the curb abutting the premises, in violation of the provisions of this ordinance.
10.34 Notice of violation to owner
 In the event of a violation of any of the above provisions, the Mayor shall cause notice of the violation and a demand for compliance to be delivered either personally or by registered mail to the owner of the property upon which the violation has occurred and shall also cause such notice to be advertised in the official journal for two consecutive weeks.
10.35 Failure to respond to notice; forced removalof vegetation
 Should any owner of the property situated within the corporate limits fail to comply with the provisions of the ordinance for a period of more than ten days from the giving of notice as provided in Section E. above, the Mayor is authorized and empowered to cause the premises to be cleaned by cutting, destroying or removing such noxious weeds, grass or other deleterious, unhealthy or noxious growths or accumulations thereon or on the sidewalks or banquette abutting the same, and assess the cost thereof against the owner by preparing a notice containing a statement of facts, giving a description of the property and the cost of the work and causing notice to be delivered to the owner personally or by registered mail.
10.36 Payment of costs
 If the statement of costs as set forth in the notice to the owner as provided in Section 6 above is not paid by the owner within one month after notice thereof is given, the amount of such costs shall be included in and form part of the taxes due by the property and the owner.
10.37 Penalties
 In addition to any other penalty provided herein, any person convicted of violation the provisions of this ordinance shall be fined or imprisoned in accordance with the general penalty provisions of Section 7.6 of the Town of Jackson Code.
You ask the following question:
 Can the town legally enforce its ordinance regarding weeds, after notice to the owner and expiration of the legal delay, by entering the property and destroying or removing the alleged offending vegetation?
The Town of Jackson's charter lists the powers of the Mayor and Trustees. The Mayor and Trustees are vested with the power of enacting ordinances for specific purposes, if not repugnant to the laws of the state of Louisiana. Section 8 states, in pertinent part:
 In addition to the corporate powers vested in said Town of Jackson by its present charter, and the amendments thereto, the Mayor and Board of Trustees of said Town shall have the care and management and control of said Town and its property and finances, and shall have power to enact ordinances for the purposes hereinafter named, and such as are not repugnant to the laws of the state of Louisiana, and such ordinances to repeal, modify and alter; and shall have power:
 3. To make regulations to secure the general health of the municipality; to prevent, to remove and abate nuisances prescribe and enforce regulations for cleaning and keeping in order warehouses, alleys, yards, private ways
 7. To make needful police regulations for the preservation and protection of the good order, peace and happiness of the municipality, and to prevent injury to, or destruction of, or interference with public or private property.
To further support the enactment of such ordinance, Section 4(9) states: "They shall have and possess all other corporate powers, which are prescribed by law for the government of municipalities." This would confer upon the Mayor and Trustees all powers vested to municipalities in Title 33 of Louisiana Revised Statutes. LSA-R.S. 33:362 vests specific powers in municipalities. It states, in pertinent part:
 362(A)(1) The legislative powers of a municipality shall be vested in and exercised by the board of aldermen.
 362(B)(2)(c)The board of aldermen may: Provide by ordinance for assessing against the abutting property the cost of cutting, destroying, or removing noxious weeds, grass, or other deleterious, unhealthy, or noxious growths or accumulations on any sidewalk; assess on the owner of such lot of place or area the cost of cutting, destroying, or removing accumulations within the corporate limits; and on the owner of any lot or place or area within the corporate limits the cost of cutting, destroying or removing noxious weeds, grass, or other deleterious, unhealthy, or noxious growth or accumulation on the lot or place or area; and provide for the filing of notice of such cost which shall constitute a privilege upon the property and shall be prior in rank to mortgages, vendor's privileges, and all other privileges except tax privileges.
Courts have consistently held that ordinances, "like an act of the legislature, is presumed to be constitutional, and the party attacking it has the burden of establishing by clear evidence that the ordinance is unconstitutional." Wes-t-erre Development Corporation v. Parish orTerrebonne, 416 So.2d 209; Hi-Lo Oil Company v. City of Crowley,274 So.2d 757; Everhardt v. City of New Orleans, 217 So.2d 400. Thus, it is our opinion that Ordinance No. 141 of the Town of Jackson is consistent with State law and may be legally enforced by the Mayor, as the ordinance is presumed constitutional, unless and until declared otherwise by a court of competent jurisdiction.
We hope this opinion addresses your concerns. If our office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL _______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;jnp
Date Released: April 30, 2003
ANGIE ROGERS LAPLACE
Assistant Attorney General