Dear Representative Bowler:
We are in receipt of your request for an opinion of the Attorney General regarding "due process" as it relates to the authority to remove signs on public property pursuant to Jefferson Parish Ordinance No. 32-1(b). In an effort to aid our office in addressing your concerns, you bring to our attention Atty. Gen. Op. No. 92-678 authored by this office on February 8, 1993 relating to a forty-eight (48) hour rule for notice before the removal of signs posted on public property.
Before the amendment of Jefferson Parish Ordinance No. 32-1(b), individuals who posted unlawful commercial signs on public rights of way were given a forty-eight (48) hour notice before such signs were removed. The ordinance as written deemed it unlawful to post commercial signs for purposes of advertising upon public property. As amended, the ordinance now considers the unlawful sign abandoned when posted on public property and subject to immediate removal and disposal without further notice to the individual. Although no notice is given at the time of removal, notice is provided prior to the posting of the signs in several forms which include: (1) a certified letter to all political candidates who qualify for elections: (2) notice in the application for zoning clearance required for a license to garage sale permitees and operators of businesses; (3) renewal of such licenses; and (4) to the general public by way of publication in the parish's official journal.
As is relates to due process concerns, both the federal and state constitutions provide that no person shall be deprived of life, liberty or property without due process of law. U.S. Const. Amends. V, XIV; La.Const. Art. I, § 2. However, to claim the protections of due process, an individual must show the existence of some property or liberty interest that has been adversely affected by state action. Taylor v.Haik-Terrell, 845 So.2d 616, 2002-1612 (La.App. 1 Cir. 5/9/03). Removal of unlawfully posted commercial signs on public property constitutes adverse state action. And, in order to establish whether the ordinance is unconstitutional, the individual has the burden of overcoming the presumption of constitutionality. Atty. Gen. Op. No. 92-658 citingWes-T-Erre Dev. Corp. v. Parish of Terrebonne, 416 So.2d 209 (La.App. 1 Cir. 1982). However, it must be determined whether such adverse action affects a property or liberty interest held by one who has illegally posted a commercial sign on public property. In analyzing an individual's rights under due process, the Louisiana Supreme Court follows a three-part test: (1) whether the interest is or is not protected by due process; 2) if so, whether due process requires some kind of hearing; and (3) if it does, what kind of hearing is required. Paillot v. Wooton,559 So.2d 758 (La. 1990).
Local political subdivisions have the authority to regulate the use of public property as a legitimate exercise of their general police powers.Atty. Gen. Op. No. 92-678. As such, all ordinances created by such political subdivisions are presumed constitutional. Messina v. St.Charles Parish Council, 865 So.2d 158 (La.App. 5 Cir. 12/30/03). While property interests are not created by the constitution, they are created and defined by existing rules that stem from independent sources such as state law, rules or understandings that secure certain benefits and support claims of entitlement. Taylor, supra citing AmericanInternational Gaming Association, Inc. v. Louisiana Riverboat GamingCommission, 00-2864, pp. 13-14 (La.App. 1Cir. 9/11/02), 838 So.2d 5. Accordingly, the Jefferson Parish ordinance has defined what is not a property interest by maintaining that it is illegal to post signs on public rights of way, and that by doing so deems them abandoned and subject to immediate disposal.
As noted by the Supreme Court, an obligation cannot exist without a lawful cause and that an obligation is unlawful when enforcement of the obligation would produce a result prohibited by law or against public policy. Taylor, supra citing Lafleur v. City of New Orleans, 831 So.2d 941, 01-3224 (La. 12/4/02). Our office recognizes that a due process challenge would depend on whether a court found a property interest in an unlawfully posted sign deemed abandoned. We have found no other state laws, rules or understandings that secure the benefits of illegally posted commercial signs, nor have we found any support for claims of entitlement. Thus, under these circumstances our office is of the opinion that the ordinance should withstand a due process challenge.
We have found two cases involving similar ordinances prohibiting the posting of signs on public property brought forth on First Amendment challenges for overbreadth and expressive activities. In Members of theCity Council of the City of Los Angeles v. Taxpayers for Vincent,466 U.S. 789 (1984), the court upheld a city ordinance prohibiting the posting of signs on public property. The court held that the city had a "substantial interest in maintaining esthetics by eliminating visual blight and that the statue was not unconstitutionally overbroad since it sought to prohibit only that speech which caused the blight, namely all signs that were posed on public property." A Louisiana court distinguished that case wherein signs remained unattended until removal from the situation in Howells v. City of New Orleans, 2001 WL 823723
(E.D.La. Jul 20, 2001) (No. Civ. A. 01-2016), where the court prohibited enforcement of a portion of a local New Orleans ordinance as to individuals who had not abandoned their signs by "actively" exercising their right to communicate directly with potential recipients of their message. The ordinance was similar to the one at issue, in that it prohibited the posting of signs on public property where the sign had not been abandoned by the person who owned it. A tarot card reader who was working in Jackson Square challenged the local ordinance after being issued a criminal citation and having her sign confiscated. Under aFirst Amendment challenge, the City of New Orleans was enjoined from enforcing the ordinance where the sign had not been abandoned by its owner. The court stated that the "[o]nly constitutionally valid interpretation of the phrase [in the local ordinance] would be to apply it to attempts to permanently affix private property to public property or to abandoned private property on public property, as in Taxpayers forVincent." Id. at p. 2. We are enclosing a copy of the two cases discussed herein for your information and review. In light of these rulings, our office is of the opinion that similar First Amendment challenges to the Jefferson Parish ordinance would likely be defeated as well.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ___________________________ CHARLENE PATTERSON Assistant Attorney General
CCF, Jr./CP;crt